IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 15, 2004

## STATE OF TENNESSEE v. JOSEPH D. TAYLOR

**Appeal from the Circuit Court for Marshall County**
**No. 15,233 Charles Lee, Judge**

---

**No. M2004-01606-CCA-R3-CD - Filed May 19, 2005**

---

The appellant, Joseph D. Taylor, was convicted of attempted rape, attempted sexual battery, and aggravated kidnapping. After a sentencing hearing, the appellant was sentenced as a career offender to fifteen (15) years for attempted rape, eleven (11) months and twenty-nine (29) days for attempted sexual battery, and twelve (12) years as a violent offender for aggravated kidnapping. On direct appeal, this Court affirmed the conviction for attempted rape and reversed the other two convictions. See State v. Taylor, 63 S.W.3d 400 (Tenn. Crim. App. 2001). The appellant filed a petition for post-conviction relief, which was denied by the trial court after a hearing. On appeal, this Court set aside the appellant's sentence for attempted rape because he was improperly sentenced as a career offender. See Joseph D. Taylor v. State, No. M2003-00138-CCA-R3-PC, 2004 WL 350641, at *11 (Tenn. Crim. App., at Nashville, Feb. 20, 2004). On remand, the trial court sentenced the appellant to fifteen (15) years as a Range III offender. A timely notice of appeal was filed. The appellant challenges his sentence, arguing that his sentence violates Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), because the trial court improperly applied enhancement factors that were not admitted by the appellant or determined by a jury. After a review of the record, we affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

N. Andy Myrick, Jr., Fayetteville, Tennessee, for the appellant, Joseph D. Taylor.

Paul G. Summers, Attorney General & Reporter; Preston Shipp, Assistant Attorney General; Mike McCowen, District Attorney General; Weakley E. Barnard, Assistant District Attorneys General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

Factual Background

On June 23, 1999, the appellant was indicted by the Marshall County Grand Jury for attempted rape, attempted sexual battery, and two counts of aggravated kidnapping. Following a jury trial, the appellant was convicted of attempt to commit sexual battery, attempt to commit rape, and aggravated kidnapping. The facts surrounding the appellant's convictions were summarized by this Court on direct appeal in State v. Taylor, 63 S.W.3d 400 (Tenn. Crim. App. 2001) as follows:

Defendant met the victim, thirteen-year-old A.S., while he lived next door to the victim's family on Park Street in Lewisburg, Tennessee. (The minor victim will be referred to herein by his initials.) On May 16, 1999, approximately three to four weeks after Defendant moved to another house in the same neighborhood, A.S. rode his bicycle past Defendant's new address. He stopped to say "Hi" when he noticed Defendant working on his car in the driveway. Defendant informed A.S. that he was planning to drive to Shelbyville to visit a friend and, if A.S. came back at 11:00 a.m., he could accompany Defendant on the trip. Defendant also told A.S. that his parents did not need to know of their plan.

In the meantime, A.S. went to look for his sixteen-year-old brother, Timothy, who was fishing in a nearby creek. Because Timothy wore a watch, A.S. asked him to keep him informed of the time so A.S. could return to Defendant's house at 11:00. Timothy did not comply with his request. When A.S. arrived at Defendant's house twenty minutes late, Defendant told him the trip was off and invited him into the house to watch television instead. A.S. accepted.

The television was in Defendant's bedroom, and they started watching a scary program. Initially, A.S. sat on one end of Defendant's bed and Defendant sat on the other. Approximately fifteen minutes later, Defendant started "scooting" closer to A.S. Eventually, when they were sitting only inches apart, Defendant placed his hand on A.S.'s belly near his belly button and began to rub it in a circular motion. Defendant told A.S. that "he liked girls, but he liked boys, too" and that, "if [A.S.] f---ed him, he would buy [A.S.] anything." A.S. started to cry. He told Defendant he "wasn't like that" and pushed him away. A.S. was scared at this point and decided to leave. But before he could take more than five steps toward the door, Defendant picked him up by the waist with both arms and "slammed" him onto the bed. A.S.

-2-

landed on his back and his head hit the wall. Defendant pinned A.S. down with his body and told him to stop crying--he "didn't have to be scared."

A.S. was unable to move his arms with Defendant on top of him, and he did not stop crying even after Defendant ordered him to stop. When Defendant told A.S. that "he might as well f--- [him] now because he knowed [sic] that [A.S.] was going to go home and tell mom and dad," A.S. started crying even harder. Defendant let him sit up then, but stayed right beside him on the bed. They were sitting only inches apart, and the television was still on. When Defendant turned his head to look at it, A.S. saw his chance for escape and "took off running" as fast as he could. Once out the front door, A.S. leaped onto his bicycle and rode away. He testified that he did not look back and was unaware whether or not Defendant chased him.

After A.S. arrived home, he immediately found his brother, Timothy, who was next door at the neighbor's house. Timothy testified that A.S. was crying and upset. After A.S. told him that Defendant "tried to rape him," Timothy made A.S. tell their father, James, what happened. James took A.S. with him to find Defendant. Shortly thereafter, they discovered Defendant as they were driving to his house. Defendant was headed in the opposite direction and smiled at them as he passed. By the time James turned the car around, Defendant was gone. James proceeded to the police department and reported the incident. The police arrested Defendant early the next day, between 2:00 and 3:00 a.m.

At trial, A.S. further testified that he had visited Defendant on other occasions but Timothy was ordinarily with him. They usually only stayed fifteen or twenty minutes and watched television or talked about cars and baseball cards. They often sat in Defendant's bedroom because it was the only room with a television. A.S. testified that, prior to this incident, Defendant had never given him a reason to believe that he and Defendant were not friends.

Beth Rhoton, an investigator with the Lewisburg Police Department, testified that she usually worked cases where sex abuse was involved. Rhoton interviewed A.S. on May 16, 1999, between approximately 5:00 and 6:30 p.m. A.S. was still shaking, and appeared very nervous and scared. On cross-examination, Rhoton testified that A.S. did not require medical treatment.

Taylor, 63 S.W.3d at 404-05.

Following a sentencing hearing, the trial court sentenced the appellant to eleven (11) months, twenty-nine (29) days for his attempted sexual battery conviction, fifteen (15) years as a career offender for his attempted rape conviction, and twelve (12) years as a violent 100% Range I offender for his aggravated kidnapping conviction. The trial court ordered that the appellant's conviction for attempted sexual battery be merged with his conviction for attempted rape, and his conviction for

attempted rape be merged with his conviction for aggravated kidnapping. On appeal, the appellant argued that the evidence was insufficient to support his convictions on all three offenses. In addition, the appellant challenged his sentence, arguing that the trial court failed to give proper consideration to the mitigating factor provided in Tennessee Code Annotated section 39-13-304(b)(2), and that the trial court erred in sentencing him as a career offender for the attempted rape conviction because the State failed to provide adequate notice that it was seeking an enhanced punishment. The State appealed the merger of the appellant's convictions into a single conviction for aggravated kidnapping and requested that this Court reinstate the appellant's separate convictions and order consecutive sentencing.

On direct appeal, this Court concluded that the evidence was sufficient to support appellant's three convictions. Taylor, 63 S.W.3d at 405-09. Based on the facts presented in the case, however, the panel concluded that dual convictions for attempted sexual battery and attempted rape could not be sustained and reversed and dismissed the appellant's conviction for attempted sexual battery. The panel also concluded that the appellant's offense of aggravated kidnapping was incidental to the offense of attempt to commit rape under State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). Therefore, pursuant to Anthony, the panel reversed the trial court's merger of the appellant's conviction for attempted rape into his conviction for aggravated kidnapping; reversed and dismissed the aggravated kidnapping conviction; and reinstated the petitioner's conviction and sentence for attempted rape. Taylor, 63 S.W.3d at 403-04.

Subsequently, the appellant filed a petition for post-conviction relief. The petition was denied, and the appellant appealed to this Court arguing that he received ineffective assistance of counsel because counsel: (1) failed to adequately meet with the appellant prior to trial; (2) failed to interview and call certain witnesses to testify; (3) failed to request a jury instruction on assault as a lesser-included offense of attempted rape; and (4) failed to object to the appellant's classification as a career offender when the trial court sentenced the appellant for attempted rape. The appellant also argued that his appellate lawyer rendered ineffective assistance of counsel when he failed to appeal the classification of the petitioner as a career offender for the purposes of sentencing.[1] On review of the denial of the post-conviction petition, a panel of this Court determined that the conduct of the appellant's trial counsel in failing to ensure that the appellant was sentenced in accordance with statutory guidelines fell below the range of competence demanded of attorneys in criminal cases. Joseph D. Taylor, 2004 WL 350641, at *8. As a result, the panel set aside the sentence for attempted rape and remanded the case for a new sentencing hearing. Id. at *11.

On remand, the trial court held a sentencing hearing. However, both parties agreed to rely on the testimony and evidence presented at the original sentencing hearing in lieu of holding an entirely new hearing. At the conclusion of the hearing, the trial court sentenced the appellant to

---

[1] Prior to the post-conviction hearing, the State stipulated that the appellant's prior convictions consisted of six Class E felonies and one Class D felony which removed him from consideration as a career offender for the attempted rape conviction. The trial court, however, concluded that the issue of the appellant's sentencing as a career offender had been previously determined on direct appeal.

fifteen (15) years as a Range III offender, finding that the following enhancement factors applied: (1) the appellant had a previous history of criminal convictions or behavior in addition to those necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-114(2); (2) the appellant had a history of failing to comply with the conditions of a sentence involving release into the community, Tenn. Code Ann. § 40-35-114(9); and (3) the appellant committed the offense to gratify his desire for pleasure or excitement, Tenn. Code Ann. § 40-35-114(8). The appellant filed a timely notice of appeal, challenging his sentence based on Blakely v. Washington, 542 U.S. ___,124 S. Ct. 2531 (2004), and arguing that the trial court erred in applying enhancement factor (8) because the trial court "did not articulate what facts were being relied upon in applying the enhancing [sic] factor in question."

The Tennessee Supreme Court recently determined that Blakely did not announce a new rule of law and that "the Tennessee Criminal Sentencing Reform Act does not authorize a sentencing procedure which violated the Sixth Amendment right to jury trial." State v. Gomez, ___ S.W.3d ___, No. M2002-01209-SC-R11-CD, 2005 WL 856848, at *17 n.16 (Tenn. Apr. 15, 2005). In Gomez, the court determined that despite the ability of trial judges to set sentences above the presumptive sentence based on the finding of enhancement factors neither found by a jury or admitted by a defendant, Tennessee's sentencing structure does not violate the Sixth Amendment and does not conflict with the holdings of Blakely v. Washington, 542U.S. ___ , 124 S. Ct. 2531 (2004), United States v. Booker, ___ U.S. ___, 125 S. Ct. 738 (2005), or United States v. FanFan, the case consolidated with Booker, because "the Reform Act [of Tennessee] authorizes a discretionary, non-mandatory sentencing procedure and requires trial judges to consider the principles of sentencing and to engage in a qualitative analysis of enhancement and mitigating factors . . . all of which serve to guide trial judges in exercising their discretion to select an appropriate sentence within the range set by the Legislature." Gomez, ___ S.W.3d at ___, 2005 WL 856848, at *27. Thus, the appellant's argument that the trial court erred in applying enhancement factors that were neither admitted by the appellant nor determined by a jury is without merit.

Further, the trial court did not err in applying enhancement factor (8). "When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of showing that the sentence is improper." Ashby, 823 S.W.2d at 169.

In the case herein, the appellant was convicted of attempted rape, which is a Class C felony. See Tenn. Code Ann. § 39-12-107(a); 39-13-503(b). The appellant does not dispute his classification as a Range III offender, so the range of punishment is ten (10) to fifteen (15) years. Tenn. Code Ann. § 40-35-112(c)(3). The presumptive sentence for a Class C felony is the minimum sentence in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). Thus, in order to determine a defendant's sentence, a trial court starts at the presumptive sentence, enhances the sentence within the range for existing enhancement factors, and then reduces the sentence within the range for existing mitigating factors in accordance with Tennessee Code Annotated section 40-35-210(e). No particular weight for each factor is prescribed by the statute; the weight given to each factor is left to the discretion of the trial court as long as it comports with the sentencing principles and purposes of our Code and as long as its findings are supported by the record. See State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995).

The trial court sentenced the appellant to fifteen (15) years, the maximum sentence in the range, based on its application of the above stated enhancement factors. On appeal, apart from his Blakely argument which has already been discussed above, the appellant challenges only the application of enhancement factor (8). The trial court stated that it was normally reluctant to apply factor (8) in an attempted rape case, but reasoned that the factor "can apply in a sexual offense if the circumstances surrounding the offense go beyond that which one would normally associate with sex acts." The trial court determined that the appellant was "a predator" whose "sexual aversions go beyond that point . . . that his offenses were committed not just for sexual gratification, but for gratification of a devious nature." The evidence showed that, while the appellant and the victim were watching a movie in the appellant's bedroom, the appellant "scoot[ed]" within inches of the victim. The appellant put his hand on the victim's belly and started rubbing it in a circular motion. the appellant told that victim that he was "gay." The victim testified that, as he rubbed the victim's belly, the appellant "said he liked girls, but he liked boys, too." The appellant told the victim that if he "fucked him," he would buy him anything. When the victim tried to leave, the appellant grabbed him and "slung" him onto the bed. The appellant held the victim down on the bed and said he "might as well f--- [the victim] now because he knowed [sic] that [the victim] was going to go home and tell [his] mom and dad." The application of enhancement factor (8) requires the State to prove objective evidence of the defendant's motivation to seek pleasure or excitement through sexual assault. State v. Arnett, 49 S.W.3d 250, 262 (Tenn. 2001). It has been determined that factor (8) may be applied where there is "evidence including, but not limited to, sexually explicit remarks and overt sexual displays made by the defendant, such as fondling or kissing a victim or otherwise behaving in a sexual manner, or remarks or behavior demonstrating the defendant's enjoyment of the sheer violence of the rape." Id. The record herein supports the application of this enhancement factor.

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

> The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we affirm the judgment of the trial court in accordance therewith.

_____
JERRY L. SMITH, JUDGE