IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 28, 2005

**STATE OF TENNESSEE v. WILLIAM J. CARICO**

**Direct Appeal from the Criminal Court for Hawkins County**
**No. CR491    James E. Beckner, Judge**

**No. E2004-02231-CCA-R3-PC - July 5, 2005**

The Petitioner, William J. Carico, was convicted of aggravated rape, and the trial court sentenced him to twenty-five years in prison. Subsequently, the Petitioner filed a petition for post-conviction relief, and the post-conviction court dismissed the petition as untimely. On appeal, the Petitioner contends that Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531 (2004) announced a new rule of constitutional law that applies retroactively to his case and creates an exception to the one-year statute of limitations for filing a post-conviction petition. Finding no reversible error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

William J. Carico, pro se, Mountain City, Tennessee.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; C. Berkeley Bell, Jr., District Attorney General; and Doug Godbee, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I.  Facts**

This case arises from the Petitioner's conviction for aggravated rape, for which he received a twenty-five year sentence. On April 27, 1998, the Petitioner's conviction and sentence were affirmed by the Tennessee Supreme Court on direct appeal. State v. Carico, 968 S.W.2d 280 (1998). On August 6, 2004, the Petitioner filed a post-conviction petition, alleging that his petition was timely because Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531 (2004), announced a new rule of constitutional law that applies retroactively to his case, creating an exception to the one-year statute of limitations for filing a post-conviction petition. On August 19, 2004, the post-conviction court entered an order dismissing the petition on the basis that it fell outside the one-year statute of

limitations. The Petitioner filed a timely notice of appeal.

## II. Analysis

The Petitioner asserts that the post-conviction court erred in dismissing his petition because Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531 (2004), announced a new rule of constitutional law that applies retroactively to his case and creates an exception to the one-year statute of limitations for filing a post-conviction petition. The State counters that Blakely did not announce a new rule of constitutional law, and, therefore, it does not provide the Petitioner relief from the one-year statute of limitations required for filing a post-conviction petition. We agree with the State.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tennessee Code Annotated section 40-30-103 (2003). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. Id. at 457.

The Petitioner appears to agree that he filed his post-conviction petition outside of the one-year statute of limitations provided by the Post-Conviction Procedure Act, see Tenn. Code Ann. § 40-30-102(a) (2003), but he contends that his case falls within the exception in subsection (b)(1) of the statute, which provides that a court shall have jurisdiction to consider a claim filed outside the statute of limitations if the claim is:

> filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial[.]

Tenn. Code Ann. § 40-30-102(b)(1). The Petitioner contends that the United States Supreme Court's decision in Blakely establishes a previously unrecognized constitutional right for a defendant in Tennessee to have the jury, rather that the trial court, determine the existence of aggravating factors used to enhance a sentence.

Recently, our Supreme Court concluded that Blakely neither announces a new rule of constitutional law nor invalidates Tennessee's sentencing scheme, by which a trial court is permitted, rather than required, to enhance a sentence within the statutory range based on its finding of relevant enhancement factors. State v. Gomez, __ S.W.3d __, 2005 WL 856848 (Tenn. Apr. 15, 2005). The Gomez court also noted that the post-conviction standard for determining whether a new rule of constitutional law requires retroactive application, as set forth in Tennessee Code Annotated section

40-30-122, does not permit the retroactive application of <u>Blakely</u> in a post-conviction proceeding. <u>Id</u>. at *13 n.16; <u>see</u> <u>also</u> <u>Albert Smith v. State</u>, No. W2004-02169-CCA-R3-PC, 2005 WL 1105168 (Tenn. Crim. App., at Jackson, May 6, 2005).  Therefore, <u>Blakely</u> does not create an exception to the one-year statute of limitations requirement in this case.  We conclude that the post-conviction court correctly dismissed the Petitioner's post-conviction petition.

### **III**.  **Conclusion**

In accordance with the foregoing reasoning and authorities, we affirm the post-conviction's court dismissal of the Petitioner's post-conviction petition.

_____
ROBERT W. WEDEMEYER, JUDGE