IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2005

## STATE OF TENNESSEE v. PRENTISS HOLLOWAY

**Direct Appeal from the Criminal Court for Shelby County
Nos. 04-01838, -01839    Chris Craft, Judge**

_____

**No. W2004-02165-CCA-R3-CD  - Filed August 2, 2005**

_____

A Shelby County Criminal Court jury convicted the appellant, Prentiss Holloway, of aggravated robbery and attempted aggravated robbery, and the trial court sentenced him to consecutive sentences of eleven and five years, respectively, in the Department of Correction.  In this appeal, the appellant claims that the trial court improperly enhanced his sentences in light of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and improperly ordered consecutive sentencing.  Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Garland Erguden and Robert Wilson Jones (on appeal) and Robert Trent Hall and Tim Albers (at trial), Memphis, Tennessee, for the appellant, Prentiss Holloway.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; William L. Gibbons, District Attorney General; and Alanda Dwyer and Michelle Parks, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

About 5:30 p.m. on May 3, 2003, Michael Gregory pulled into his driveway, got out of his car, and walked to his mailbox.  He noticed two men walking on the street.  As Mr. Gregory walked away from his mailbox and toward his home, the two men came up behind him.  One of the men, who was the appellant, pointed a gun at Mr. Gregory and demanded his cellular telephone, wallet, and car keys.  Mr. Gregory gave the items to the appellant, and the appellant and the other man got into Mr. Gregory's black Mitsubishi Diamante and drove away.

About 11:30 p.m. on May 3, Freddie Houston was outside talking with his daughter and son-in-law. Mr. Houston noticed that a black Mitsubishi passed by his daughter's home three or four times. The car then pulled to the side of the road and stopped. Mr. Houston saw the appellant and another man come around the corner. The appellant, holding a pistol, pointed the gun at Mr. Houston and Mr. Houston's son-in-law and demanded their wallets. Mr. Houston and his son-in-law told the appellant that they did not have their wallets with them, and the appellant demanded their car keys. Mr. Houston responded, "I got something for you" and reached down. The appellant and his accomplice ran. As the appellant was running, he fired three shots toward Mr. Houston and his family. The appellant and the other man got back into the black Mitsubishi and drove away.

Memphis police officers investigated the robberies and identified possible suspects. The police put together a photograph array, and Mr. Gregory and Mr. Houston picked out the appellant's photograph and identified him as one of the robbers. Sergeant Dale Hensley sent Officer Beth Hyman to the appellant's house to arrest him. When she arrived, she knocked on the door and a boy answered. Officer Hyman heard a sliding back door open. She ran through the home and out the back door and found the appellant hiding in a shed.

A jury convicted the appellant of aggravated robbery, a Class B felony, against Mr. Gregory and attempted aggravated robbery, a Class C felony, against Mr. Houston. In this appeal, the appellant claims that the trial court improperly enhanced his sentences in light of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and that the trial court improperly ordered consecutive sentencing.

No witnesses testified at the sentencing hearing. However, the State introduced the appellant's presentence report into evidence. According to the report, the then eighteen-year-old appellant dropped out of high school after the eighth grade but obtained his general equivalency diploma (GED). In the report, the appellant stated that he had no physical or mental problems and had never used illegal drugs. However, he stated that he had sold marijuana. The appellant also stated in the report that he worked as a part-time handyman at Honey Do Auto Parts for one year. The report shows that the appellant was adjudicated delinquent in the juvenile court for aggravated burglary, aggravated assault, theft of a vehicle valued over $10,000 but less than $60,000, theft of property valued over $1,000 but less than $10,000, theft of property valued less than $500, carrying a weapon on a school campus, and unlawful possession of a shotgun.

The appellant argued at the sentencing hearing that pursuant to Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), he should be sentenced to the presumptive minimum sentences in the range for a Range I offender. However, the trial court applied enhancement factors (3), that the appellant was a "leader in the commission of an offense involving two (2) or more criminal actors," and (21), that the appellant "was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult," to the appellant's sentences. See Tenn. Code Ann. 40-35-114(3), (21). The trial court gave great weight to factor (21), noting that the appellant began committing crimes when he was thirteen years old and had no chance at rehabilitation. The trial court ordered the appellant to serve eleven years for the aggravated robbery

conviction and five years for the attempted aggravated robbery conviction. Regarding consecutive sentencing, the trial court found that the appellant had an extensive criminal history and was a "dangerous offender whose behavior indicates little regard for human life, and no hesitation about committing a crime in which the risk for human life is high." See Tenn. Code Ann. 40-25-115(b)(2), (4). The trial court noted that confinement for an extended period of time was necessary to protect society from the appellant and that consecutive sentencing reasonably related to the offenses. See State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995).

## II. Analysis

The appellant claims that the trial court improperly applied enhancement factor (3) to his sentences in light of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and that the trial court improperly ordered consecutive sentencing. The State argues that the trial court properly sentenced the appellant. We agree with the State.

Appellate review of the length, range, or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellant in his own behalf; and (7) the potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentences. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

### A. Blakely

The appellant was convicted of Class B and C felonies. At the time the appellant committed the offenses in question, the trial court was to begin at the presumptive minimum, then "enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence as appropriate for the mitigating factors." Tenn. Code Ann. § 40-35-210(e). The presumptive sentence for Class B and C felonies is the minimum sentence within the appropriate range. See Tenn. Code Ann. § 40-35-210(c). The appellant was sentenced as a Range I, standard offender. Accordingly, the presumptive sentence was eight years for the Class B felony and three years for the Class C felony. See Tenn. Code Ann. § 40-35-112(a)(2), (3). The trial court applied two enhancement factors to the appellant's sentences and gave one of the factors great weight. In light of the Blakely decision, the appellant claims the trial court improperly applied enhancement factor (3), that he "was a leader in the commission of an offense involving two (2) or more criminal actors."

The United States Supreme Court released Blakely before the appellant's sentencing hearing. In Blakely, the Supreme Court held that

> the "statutory maximum" for Apprendi [v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, (2000),] purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

Blakely, 542 U.S. at ___, 124 S. Ct. at 2537. Blakely did not dispute the appropriateness of a trial court's application of enhancement factor (2), which is based on the existence of a defendant's prior criminal history, but called into question the constitutionality of the application of the remainder of our statutory enhancement factors without such facts being found by a jury or admitted by an appellant.

However, our supreme court recently held that Blakely does not announce a new rule of law and that the "Tennessee Criminal Sentencing Reform Act does not authorize a sentencing procedure which violates the Sixth Amendment right to jury trial." State v. Gomez, 163 S.W.3d 632, 651 n.16 (Tenn. 2005). Given the dictates of Gomez, the appellant's reliance on Blakely must fail.

## B. Consecutive Sentencing

Next, the appellant argues that the trial court improperly ordered him to serve his sentences consecutively. Under Tennessee Code Annotated section 40-35-115(b), a trial court may impose consecutive sentences if the defendant is convicted of more than one offense and the trial court finds by a preponderance of the evidence that:

> (1) The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;
>
> (2) The defendant is an offender whose record of criminal activity is extensive;
>
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist . . . ;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor . . . ;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

In imposing consecutive sentencing, the trial court in the instant case found the appellant to have an extensive criminal history and to be a dangerous offender who has no hesitation about committing a crime in which the risk to human life is high. The appellant claims that the trial court erred by ordering consecutive sentencing because it failed to take into consideration that he obtained his GED in 2003, is the father of a young child, has extended family living in the Memphis area, and has no history of gang affiliation. However, the appellant's juvenile history, particularly in one so young, is extensive. See State v. Eric Devon McLean, No. M2003-02238-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 832, at *18-19 (Nashville, Sept. 29, 2004). Moreover, the appellant robbed two people at gunpoint and fired several shots at Mr. Houston and his family. Thus, we agree with the trial court's ruling that the appellant is a dangerous offender. Therefore, consecutive sentencing is appropriate in this case.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE