IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Brief June 7, 2005

# LLOYD EARL WILLIAMS v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 04-CR-8664    R. Lee Moore, Jr., Judge**

---

**No. W2005-00050-CCA-R3-CO - Filed August 24, 2005**

---

Petitioner, Lloyd Earl Williams, filed his second petition for writ of habeas corpus relief in the Lake County Circuit Court, attacking judgments of conviction entered against him in the Washington County Criminal Court.  In 1993, Petitioner was convicted and sentenced *in abstentia*, following a jury trial, of sale of cocaine, one count of possession of cocaine with intent to sell, and one count of conspiracy to sell cocaine, with an effective sentence of fifty-four (54) years.  He was taken into custody in 2001.  A petition for post-conviction relief was dismissed for not being filed within the applicable statute of limitations.  His first petition for writ of habeas corpus attacked the convictions based upon his being tried and sentenced *in abstentia*.  Dismissal of that petition was affirmed on appeal.  *See Lloyd Earl Williams v. State*, No. W2003-02348-CCA-R3-HC, 2004 WL 948370 (Tenn. Crim. App., at Jackson, April 29, 2004), *perm. to appeal denied* (Tenn. September 2, 2004).  In this second petition for habeas corpus relief, Petitioner alleges that he is entitled to habeas corpus relief because the sentences were imposed, both as to length and consecutive service, by a judge and not the jury in violation of *Blakely v. Washington*, 542 U.S. 296, 125 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).  The trial court summarily dismissed the petition without an evidentiary hearing.  Upon review, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

Lloyd Earl Williams, Tiptonville, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tenn. Code Ann. §§ 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only (1) to contest void judgments which are facially invalid because the convicting court was without jurisdiction or authority to sentence a defendant; or (2) because the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

Where allegations in a petition for writ of habeas corpus fail to demonstrate that the judgment is void, rather than just voidable, the trial court may dismiss the petition without a hearing. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). Petitioner, in addition to arguing that the petition was wrongfully dismissed without an evidentiary hearing, also submits that the trial court erred by failing to appoint counsel to represent him. However, appointment of counsel to represent an indigent petitioner in a habeas corpus matter, is not necessary if the petition for writ of habeas corpus fails to raise a cognizable claim. *Lloyd Earl Williams*, 2004 WL 948370, at *2.

Our supreme court recently held that Tennessee's sentencing scheme does not violate a defendant's right to a jury determination of all facts regarding sentencing, as set forth in *Apprendi* and *Blakely*. *State v. Gomez*, 163 S.W.3d 632 (Tenn. 2005). This includes both the length of the sentence and whether or not sentences are ordered to be served consecutively rather than concurrently.

In the case *sub judice*, the trial court dismissed the petition without an evidentiary hearing after concluding that *Apprendi* and *Blakely* are not to be applied retroactively. The trial court's judgment was entered prior to the supreme court's opinion in *Gomez*. Even if for a different reason, the trial court's judgment in dismissing the petition in this case was clearly correct under *Gomez*. Accordingly, Petitioner is not entitled to relief in this appeal.

### CONCLUSION

The judgment rendered in this matter was taken in a proceeding before the trial court without a jury, the judgment was not a determination of guilt, and the record does not preponderate against the finding of the trial court. No error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment is affirmed in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
THOMAS T. WOODALL, JUDGE