IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 19, 2005 Session

## STATE OF TENNESSEE v. BRANDON RAYMOND BARTEE

**Direct Appeal from the Criminal Court for Sumner County**
**No. CR49-2004     Jane Wheatcraft , Judge**

_____

**No. M2004-02637-CCA-R3-CD - Filed September 20, 2005**

_____

On appeal, the defendant challenges the length and consecutive nature of his sentences on three counts of sexual battery. Upon review, we conclude that: (1) the enhanced sentences were justified based upon the defendant's prior criminal behavior; (2) the mitigating factors, even if applied, would not have lessened the enhanced sentence; and (3) the defendant's consecutive sentence was proper based upon the predatory nature of his conduct and the residual psychological effects incurred by the minor victim. Therefore, we affirm the sentences imposed by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

David Allen Doyle, District Public Defender, for the appellant, Brandon Raymond Bartee.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Senior Counsel; Lawrence Ray Whitley, District Attorney General; and Sallie Wade Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Brandon Raymond Bartee, was indicted on three counts of aggravated sexual battery (a Class B felony), but pled guilty to three counts of the lesser included offense of sexual battery (a Class E felony). The defendant was sentenced as a Range I, standard offender to consecutive sentences of two years on each count, for a total effective sentence of six years. The facts underlying the charges were summarized by the State at the time of the defendant's plea:

> Back in November of last year [the] Portland Police Department got a call on a suspicious person complaint by Watt Hardison [S]chool. The defendant, they learned, was a convicted, registered sex offender from the State of Texas. He made contact across the street from the school; identified himself to the family as a magazine salesman. He began to wrestle with the people's children, during which

he touched a six-year-old's breasts, buttocks, and genitalia. He left the residence before the police were contacted, and there were some more facts that will come out at the [sentencing] hearing.

> He also made contact with the complainants' neighbors and began asking about their children after representing he was a representative of a game show.

After an open plea of guilty and a sentencing hearing, the trial court found the following:

> In preparation for this hearing, the Court studied the presentence report. The Court also studied the psychosexual evaluation that was done. This was a bifurcated hearing, and I heard from Detective Don Hardin, as well as Donna Moore from the mental health center who actually did the psychosexual evaluation. I heard from them at a prior hearing. And the Court is familiar with all of the principles of sentencing that are set out in 40-35-101 and 102, as well as 40-35-115.

> . . .

> This Court finds that this defendant is the worst kind of predator. He studied these children. He went to the house. He got into the house through deceit, first by saying he was an FBI agent and then by saying he was selling magazines. He told Ms. Lemons that he had hidden cameras on the house from across the street. He was very interested in the children. He is obviously a predator. He obviously represents a threat to society.

> He has been adjudicated a sex offender by the State of Texas for the aggravated sexual assault of a niece. He was in custody and went through a sex offender treatment program in the State of Texas. He was in custody for a long period of time. That obviously did not deter his conduct.

> This is, as I have said, the worst kind of behavior when children in our community are at risk. So I think that – I'm obviously familiar with <u>Blakely</u>, we all are, but I think the fact that he does have a prior conviction, albeit as a juvenile, he should be given the maximum sentence, which is two years.

> Now, as to whether these sentences should be run concurrently or consecutively, I am familiar with the <u>Hayes</u> case. I have read it before. But I do find that under 40-35-115(b)5 the defendant here has been convicted of two or more statutory offenses involving sexual abuse of a minor.

> Now, I have to consider the aggravated circumstances arising from the relationship between the defendant and the victim. I have to consider the time span of his undetected sexual activity and the nature and scope of the acts and residual physical and mental damage of the victim. The mother of this victim has come in here today. This child was already fragile. She is an ADD child. This molestation

exacerbated that. The child's medication had to be increased. She is having to get counseling now and obviously has suffered greatly.

The fact that this predator came into this house using deceit to obtain entrance, he obviously had studied the children of Ms. Elliott, as well as Ms. Lemons, knowing their names, I think that he represents a real threat to this society. And I think that it's a real shame, frankly, that the circumstances or the facts of the case only allow a conviction of sexual battery, because I really feel that this man has a problem. He's a registered sex offender. He's already on the sex offender registry and he just keeps doing this.

This Court is going to run all of these consecutively and they're going to be to-serve sentences. I think that confinement is necessary to avoid depreciating the seriousness of these offenses. Children are our most precious asset[s] and they are at risk when this man is on the street, so I will impose a six-year to-serve sentence.

The defendant now appeals to this court, challenging the length and consecutive nature of his sentences.

Enhancing and Mitigating Factors

The weight given to each enhancement or mitigating factor is in the discretion of the trial court, assuming the trial court has complied with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002). The statutes prescribe no particular weight for an enhancement or mitigating factor. State v. Gosnell, 62 S.W.3d 740, 750 (Tenn. Crim. App. 2001). A defendant's sentence "is not determined by the mathematical process of adding the sum total of enhancing factors present then subtracting from this figure the mitigating factors present for a net number of years." State v. Alder, 71 S.W.3d 299, 306 (Tenn. Crim. App. 2001) (quoting State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996)).

In the present case, the defendant was convicted of three counts of sexual battery (a Class E felony), which carries a Range I penalty of between one and two years. The court began with the presumptive minimum sentence of one year and found one enhancement factor applicable: (2) the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. Specifically, the court noted that, "I think the fact that [the defendant] does have a prior conviction, albeit as a juvenile, he should be given the maximum sentence, which is two years."

The defendant first contends that the trial court erred in applying factor (2) to his sentence because his juvenile adjudication was not a prior conviction and was neither admitted by him nor found by a jury beyond a reasonable doubt. See Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). However, we initially note that our supreme court has held that Blakely does not apply to our sentencing guidelines. See State v. Gomez, 163 S.W.3d 632 (Tenn. 2005). Moreover, while

the defendant correctly states that his juvenile adjudication cannot be considered a prior conviction for the purpose of sentence enhancement, State v. Recardo Dale, No. W2003-02391-CCA-R3-CD, 2005 Tenn. Crim. App. LEXIS 36 (Tenn. Crim. App., at Jackson, Jan. 10, 2005), app. denied (Tenn. 2005), the adjudication, as noted in the presentence report and the psychosexual evaluation can properly be considered as past criminal behavior. See Tenn. Code Ann. § 40-35-114(2) (2004). Considering it as such, we conclude that the enhanced sentence of two years on each count is justified.

The defendant further contends that the trial court erred in failing to consider and weigh the following mitigating factors: that his conduct neither caused nor threatened serious bodily injury; that he was relatively young and therefore lacked substantial judgment; and that he was remorseful for his conduct. See Tenn. Code Ann. §§ 40-35-113(1), (6), (13) (2004). While we agree that the trial court should have reviewed and weighed the mitigating factors presented, we conclude that the enhancement factor applied by the trial court "elevate[d] the sentence[s] to the maximum ceiling, [and] firmly embedded the sentences in the ceiling," such that any applicable mitigating factors would not have dislodged them. State v. Samuel D. Braden, No. 01C01-9610-CC-00457, 1998 Tenn. Crim. App. LEXIS 213, at *24 (Tenn. Crim. App., at Nashville, Feb. 18, 1998).

The defendant's previous criminal behavior coupled with the underlying offenses established a pattern of disturbing and threatening behavior, leading the trial court to dub the defendant "the worst kind of predator." In our view, even if the court had considered and applied the mitigating factors presented by the defendant, they would not have outweighed the defendant's previous criminal behavior, which the record reflects was given great emphasis.

## Consecutive Sentencing

The defendant also challenges the imposition of consecutive sentencing. A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:

> (1) [t]he defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;

> (2) [t]he defendant is an offender whose record of criminal activity is extensive;

> (3) [t]he defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

> (4) [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

> (5) [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising

from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) [t]he defendant is sentenced for an offense committed while on probation; or

(7) [t]he defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b); see also State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002). Furthermore, in the event the trial court finds defendant is a "dangerous offender," it must also determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

In the present case, the trial court found subsection (b)(5) applicable as the defendant was convicted of two or more statutory offenses involving the sexual abuse of a minor. Pursuant to that section, the trial court further noted that:

> The child was already fragile. She is an ADD child. This molestation exacerbated that. The child's medication had to be increased. She is having to get counseling now and obviously has suffered greatly.
>
> The fact that this predator came into this house using deceit to obtain entrance, he obviously had studied the children of Ms. Elliott, as well as Ms. Lemons, knowing their names, I think that represents a real threat to this society.

On appeal, the defendant contends that the factors in (b)(5) militate against the imposition of consecutive sentencing in this case, as the defendant and victim did not share a close relationship and the duration of the defendant's activity was brief.

However, it is apparent from the record that the defendant's actions constituted a calculated and bold plan, culminating in a sexual battery perpetrated against the victim in her own home. Furthermore, as the trial court noted, the victim suffered substantial residual damage in the form of nightmares and the exacerbation of a pre-existing attention deficit disorder. In our view, the predatory nature of the defendant's actions taken together with the residual psychological effects incurred by the victim were sufficient under subsection (b)(5) to sentence the defendant consecutively.

Finally, the defendant contends that Blakely prohibits the imposition of consecutive sentences based upon considerations that have neither been admitted by the defendant nor determined by a jury beyond a reasonable doubt. However, we reiterate that the highest court of this state has concluded that Blakely is inapplicable to our sentencing scheme. Gomez, 163 S.W.3d at 632. Therefore, this issue is without merit.

<u>Conclusion</u>

Based on the foregoing, the sentence imposed by the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE