# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## RICHARD A. CHILDRESS v. RICKY BELL, WARDEN

**Appeal from the Criminal Court for Davidson County**
**No. 3557      Mark J. Fishburn, Judge**

---

**No. M2005-00421-CCA-R3-HC - Filed September 22, 2005**

---

The Defendant, Richard A. Childress, appeals from the trial court's dismissal of his petition seeking habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's dismissal of the petition pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State's motion is granted. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ. , joined.

### MEMORANDUM OPINION

The petition for habeas corpus relief alleges that the Defendant, Richard A. Childress, pleaded guilty to and was convicted of second degree murder on April 8, 1998. According to the petition, the Defendant received a sentence of twenty-five years in the Department of Correction.

The Defendant's argument in his petition and on appeal is that he is entitled to habeas corpus relief because his sentence was imposed under the Tennessee Sentencing Reform Act of 1989, which he alleges is unconstitutional in view of Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531 (2004). He thus alleges that his sentence was imposed in violation of his right to a jury trial as set forth in Blakely.

Article 1, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tennessee Code Annotated sections 29-21-201 et seq. codify the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence

a defendant; or (2) the defendant's sentence has expired. <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993). Thus, the grounds upon which habeas corpus relief will be granted are very narrow. <u>State v. Ritchie</u>, 20 S.W.3d 624, 630 (Tenn. 2000). It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. <u>Passarella v. State</u>, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The Tennessee Supreme Court has determined that the <u>Blakely</u> decision did not announce a new rule of law and that Tennessee's sentencing structure, under which the Defendant was sentenced, does not violate a defendant's sixth amendment right to a jury trial. <u>See</u> <u>State v. Gomez</u>, 163 S.W. 3d 632 (Tenn. 2005). This court has previously held that <u>Blakely</u> does not apply retroactively to cases on collateral appeal. <u>See</u> <u>Donald Branch v. State</u>, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894, at *10 (Tenn. Crim. App. at Jackson, Dec. 21, 2004), <u>perm. to appeal denied</u>, (Tenn. 2005); <u>see also</u> <u>Carl Johnson v. State</u>, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *4 (Tenn. Crim. App. at Jackson, Jan. 25, 2005), <u>perm to appeal denied</u>, (Tenn. 2005). Therefore, the habeas corpus court did not err in denying the Defendant habeas corpus relief.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE