# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MARK GRIMES v. STEPHEN DOTSON, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. R.D. 05-02-0023   Joe H. Walker, III, Judge**

---

**No. W2005-00862-CCA-R3-HC  - Filed October 4, 2005**

---

The Petitioner, Mark Grimes, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner has failed to allege any ground that would render the judgment of conviction void. Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES AND JOHN EVERETT WILLIAMS, JJ.  joined.

Mark Grimes, pro se.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

On April 15, 2004, the Petitioner, Mark Grimes, entered guilty pleas to three counts of rape, class B felonies. For these offenses, the trial court imposed an effective sentence of twenty (20) years confinement in the Department of Correction. Petitioner was further classified a multiple

rapist, requiring one hundred percent service of his sentence. The Petitioner is presently confined at Whiteville Correctional Facility.

On March 29, 2005, the Petitioner filed a petition for writ of habeas corpus relief in the Hardeman County Circuit Court. As grounds for relief, Petitioner alleged that his twenty-year sentence was imposed in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). In this regard, Petitioner argued that his sentences were illegal and void, and required a modification to an effective sentence of twelve years. By order entered April 1, 2005, the trial court denied habeas corpus relief. In denying relief, the trial court found that the ground alleged by Petitioner is not the proper subject for habeas corpus relief. The court further found that the Petitioner's sentence has not expired and that the lower court had jurisdiction to sentence the Petitioner to the term of incarceration imposed. On these bases, the trial court summarily denied relief. The trial court additionally found that, if the petition were considered as one seeking post-conviction relief, the court was without jurisdiction. A notice of appeal document was timely filed in the trial court on April 8, 2005.

The State has filed a motion requesting that this Court affirm the lower court's denial of habeas corpus relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that the Petitioner failed to state a colorable claim for habeas corpus relief.

It is well established that the grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman,* 153 S.W.3d at 20 (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.*

Petitioner claims that his effective sentence was unconstitutionally enhanced in violation of his right to a jury trial as proscribed by *Blakely v. Washington*. Any claim that the Petitioner's convictions or sentences are void as he was sentenced in violation of *Blakley v. Washington* fails as, even if such a violation had occurred, the violation would only render the judgment voidable, not void. *See Earl David Crawford v. Ricky Bell,* No, M2004-02440-CCA-R3-HC, 2005 WL 354106, *1 (Tenn. Crim. App., at Nashville, Feb. 15, 2005). Thus, the Petitioner's claim is not cognizable in a habeas corpus proceeding. Where the allegations in a petition for writ of habeas corpus relief do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell*, 59 S.W.2d 90, 93 (Tenn. 2001).

2

Additionally, while a claim alleging a constitutional violation may be raised in a petition for post-conviction relief, *see* Tenn. Code Ann. § 40-30-103, the Petitioner is statutorily time-barred from seeking such relief in the instant case. *See* Tenn. Code Ann. § 40-30-102(a). Although certain circumstances, including a final ruling of an appellate court establishing a new constitutional right, permit the tolling of the statute of limitations, *see*, *e.g.*, Tenn. Code Ann. § 40-30-102(b)(1), the United States Supreme Court's holding in *Blakely v. Washington* fails to afford the Petitioner a ground for post-conviction relief as the *Blakely* decision is not applicable to the 1989 Sentencing Act, *see State v. Gomez*, 163 S.W.3d 632, 650-51 (Tenn.), *reh'g denied,* ( 2005), and the *Blakely* holding is not to be applied retroactively, *see Earl David Crawford v. State*, No. M2004-02440-CCA-R3-HC, 2005 WL. 354106, *1; *see also Isaac Herron v. State,* No. W2004-02533-CCA-R28-PC (Tenn. Crim. App., at Jackson, Nov. 22, 2004) (*order*).

The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

**J.C. MCLIN, JUDGE**

3