IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 15, 2005

## KARLIS WILLIAMS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P27976     W. Fred Axley, Judge**

_____

**No. W2005-01049-CCA-R3-PC  - Filed November 29, 2005**

_____

The petitioner, Karlis Williams, pleaded guilty on January 14, 2003, to three counts of robbery and six counts of misdemeanor theft of an amount less than $500.  By plea agreement with the state, the petitioner received an effective seven-year sentence, as a Range II multiple offender.  The petitioner subsequently filed with the Shelby County Criminal Court a petition for post-conviction relief alleging that he received ineffective assistance of counsel and that as a result, his guilty plea was not knowingly, intelligently, or voluntarily made.  He also raised a challenge to his sentence based on *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).  The post-conviction court denied the petition, and the petitioner brings the instant appeal challenging that denial.  After a thorough review of the record and applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Claiborne H. Ferguson, Memphis, Tennessee, for the Appellant, Karlis Williams.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and John Tibbits, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The record before us is meager.  We have not been favored with a transcript of the petitioner's plea submission, and the petitioner was the only witness who testified at the March 24, 2005 hearing on his petition for post-conviction relief.  In terms of the underlying facts, the most enlightening part of the record is the post-conviction court's order dismissing the petition, from which we glean the following:

The petitioner was indicted for the offenses of Aggravated Robbery (three counts) and Theft of Property under five hundred dollars (six counts) under indictment numbers 01-05908 thru 16. The *actus reus* of the offenses were all similar, the [petitioner] would attempt to snatch cash out of the drawer at convenience stores while purporting to purchase an item. The three robbery indictments alleged the additional element of physical violence used to effectuate the theft. On January 13, 2005, the [petitioner] pled guilty to three counts of Robbery and six counts of misdemeanor Theft; he received seven years on the Robbery counts, and eleven months and twenty nine days on the Theft counts, those sentences to run concurrently for a total sentence of seven years.

The petitioner testified at the evidentiary hearing that counsel was appointed to represent him on the charges. He affirmed that trial counsel conferred with him about his cases "plenty of times." The petitioner also acknowledged that he disclosed to trial counsel all the underlying facts and circumstances of the offenses.

The petitioner maintained that trial counsel threatened and coerced him into pleading guilty. He explained his claim in the following somewhat disjointed fashion:

[W]hen I was trying to get him, you know, to get me a better – get me a better time deal. Well, the second time I came to court, I was – he came to me and said –first – first time was seven years. Second time it was six years. When I came back he said seven years again. And I asked him why, you know, what happened to the six. And he said there was never a six. And then he said that the prosecutor stated that it wouldn't matter if I would, you know, drop dead somewhere or be hung somewhere, you know, stuff like that, you know, make a long story short. So that scared me . . . when the prosecutor is saying something like that and it's already something against me. But then another time when I came back to . . . sign for the seven years, I wasn't going to sign. I was going to try to still try to wait it out and get a better deal. And he told me that I can get up to 20 to 40 to, you know, there is no amount or limit, you know what I'm saying, to what I can get on these charges.

The petitioner interpreted trial counsel's remarks about possible sentencing time as "a threat and a manipulation type of – in a deceitful way." The petitioner said that he chose not to go to trial because of how counsel talked to him and because counsel told him he "was facing more than what I was really facing."

The petitioner had prior criminal convictions, and through discussions with trial counsel the petitioner knew that the prior convictions could be used to enhance his sentencing range. The petitioner also vaguely insisted that counsel failed to tell him "a whole lot." The petitioner offered little in the way of specifics, other than to testify that his charges were "really misdemeanors" as corroborated by a videotape of one of the robberies and that counsel "wouldn't even fight for [him] on that."

On cross-examination, the petitioner acknowledged that trial counsel spoke to him about robbery involving some kind of threat or force and that a jury would decide whether he was guilty of robbery or theft. From trial counsel, the petitioner knew that circumstances might exist whereby he could receive consecutive sentencing for the robberies. More specifically, the petitioner admitted that from counsel he knew that he was a Range II offender, that the sentencing range was six to ten years, and that he could have received consecutive sentencing.

Based on the evidence presented, the post-conviction court denied relief.

The law is settled that the post-conviction petitioner bears the burden of establishing at the evidentiary hearing his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *Hodges v. S. C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992). An appellate court is bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

When a post-conviction petitioner seeks relief on the basis of ineffective assistance of counsel, he must establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Also, he must show that the deficiencies "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 2067 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. *See id.* at 697, 104 S. Ct. at 2069.

A defendant, in other words, is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). "[I]n considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794, 107 S. Ct. 3114, 3126 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 655 n.38, 104 S. Ct. 2039, 2050 n.38 (1984)).

Measured by these standards, it is readily apparent that the petitioner failed to carry his burden. Before us, the petitioner presses his claim that counsel threatened and coerced him into pleading guilty. The record, however, does not support that claim. To all appearances, trial counsel conscientiously met with the petitioner and discussed the charges. Counsel explained the law to the petitioner, including the differences between committing robbery and committing theft, which would

be decided by a jury. Counsel also discussed the petitioner's Range II, multiple offender status, the potential range of punishment, and the potential for consecutive sentencing. It may be that the petitioner was not comforted by trial counsel's blunt assessment of the petitioner's situation, but nothing appearing in this record supports a claim that the petitioner was coerced or threatened or otherwise denied effective assistance of counsel.

As an independent claim, the petitioner also argues that the trial court's application of enhancement factors without the participation of a jury violated his right to jury trial as explicated in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). The Tennessee Supreme Court, however, has determined that Tennessee's scheme for the trial judge's use of enhancement factors to sentence a defendant to more than the minimum sentence does not infringe upon the defendant's right to trial by jury as described in *Blakely*. *See State v. Gomez*, 163 S.W.3d 632, 658-62 (Tenn. 2005). Therefore, the petitioner's claim, based on *Blakely*, is not well taken.

Now having given due consideration to the petitioner's appeal of the denial of post-conviction relief, we affirm the post-conviction court's ruling.

_____
JAMES CURWOOD WITT, JR., JUDGE