IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 29, 2005

## JACKIE F. CURRY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 80969      Ray L. Jenkins, Judge**

_____

**No. E2005-00418-CCA-R3-PC - Filed December 7, 2005**

_____

The petitioner, Jackie F. Curry, appeals the Knox County Criminal Court's summary dismissal of his petition for post-conviction relief. He claims the trial court erred in finding his petition barred by the Post-Conviction Procedure Act's one-year statute of limitations. He asserts that <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004), announced a new rule of constitutional law requiring retroactive application. We affirm the trial court's summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Jackie F. Curry, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; and Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner was convicted in February 2000 of three counts of aggravated rape. The trial court sentenced the petitioner to twenty-two years for each conviction to be served consecutively for an effective total sentence of sixty-six years in the Department of Correction. The petitioner appealed, and this court affirmed his conviction. <u>See</u> <u>State v. Jackie F. Curry</u>, No. E2000-02475-CCA-R3-CD, Knox County (Tenn. Crim. App. Aug. 2, 2001), <u>app. denied</u> (Tenn. Nov. 5, 2001). On January 11, 2005, the petitioner filed a petition for post-conviction relief contending that the trial court improperly enhanced his sentence under <u>Blakely</u>. The trial court dismissed the petition as barred by the statute of limitations, and the petitioner appealed.

On appeal, the petitioner contends that <u>Blakely</u> announced a new rule of constitutional law requiring retroactive application. He cites Tennessee Code Annotated section 40-30-102(b)(1) for the proposition that his petition is not barred by the statute of limitations. He claims that <u>Blakely</u>

requires that he be given a new sentencing hearing.  The state contends that the trial court properly dismissed the petition as time-barred based upon its assertion that <u>Blakely</u> does not require retroactive application.  We agree with the state.

The Post-Conviction Procedure Act provides:

> (a) Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. . . .
> (b) No court shall have jurisdiction to consider a petition filed after such time unless:
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required.  Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial.

T.C.A. § 40-30-102(a), (b)(1).  We note that our supreme court has recently held that <u>Blakely</u> did not announce a new rule of constitutional law requiring retroactive application under the Post-Conviction Procedure Act and that in any event, Tennessee's sentencing scheme complies with the Sixth Amendment as interpreted by the Supreme Court in <u>Blakely</u> and <u>United States v. Booker</u>, __ U.S. ___, 125 S. Ct. 738 (2005).  <u>State v. Gomez</u>, 163 S.W.3d 632, 651 n.16, 661 (Tenn. 2005).  We conclude the trial court did not err in dismissing the petition.  The petitioner is not entitled to relief.

_____
JOSEPH M. TIPTON, JUDGE

-2-