# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 7, 2006

## STATE OF TENNESSEE v. SOLOMON GALLOWAY

**Direct Appeal from the Criminal Court for Shelby County**
**No. 04-00121     Chris Craft, Judge**

---

**No. W2005-01154-CCA-R3-CD  - Filed April 6, 2006**

---

A Shelby County Criminal Court jury convicted the appellant, Solomon Galloway, of two counts of aggravated robbery. The trial court merged the convictions and sentenced the appellant as a Range I, standard offender to eight years in the Department of Correction. In this appeal, the appellant claims that the trial court improperly enhanced his sentence in light of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), which resulted in his being improperly classified as a standard offender instead of an especially mitigated offender. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Gerald S. Green (on appeal) and Coleman Garrett (at trial), Memphis, Tennessee, for the appellant, Solomon Galloway.

Paul G. Summers, Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General; William L. Gibbons, District Attorney General; and Michelle Parks and Bobby Carter, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On the night of September 19, 2003, Thomas Rogers, Cornelius Still, and another boy named Carlos were walking along a neighborhood street in Memphis. The group passed two other boys, who were walking in the opposite direction. Rogers and his friends turned around to look back at the two boys and saw the two boys run up behind them. The two boys pointed guns at Rogers, Still, and Carlos and demanded that they lie down on the ground. Rogers testified that one of the robbers was the appellant and that he got a clear look at the appellant's face. Still also testified that he

recognized the appellant as one of the robbers and that he and the appellant went to the same school. The robbers took the victims' shoes and other items and ran to a nearby house. Rogers later gave a statement to the police and selected the appellant's photograph from a photographic array. The appellant, who was sixteen years old at the time of the crimes, testified that he was at church on the night of September 19 and that he did not rob the victims. The jury convicted the appellant of two counts of aggravated robbery of Rogers.

At the sentencing hearing, Valda Brown Edwards, the appellant's mother, acknowledged that the appellant had been in juvenile court on several occasions due to altercations in school. She said that the appellant did not have serious discipline problems at home and that he was scheduled to graduate from Westside High School in about two months. On cross-examination, Edwards denied that the appellant had dropped out of school but testified that he had burglarized a Family Dollar store. The State introduced into evidence the appellant's juvenile court file. According to the file, the appellant was charged in the Juvenile Court of Memphis and Shelby County with the aggravated robbery of Rogers and was transferred to the criminal court to be tried as an adult. The file also shows that the appellant was adjudicated delinquent for burglarizing and vandalizing a Family Dollar store in 2000, when he was fourteen years old.

The trial court applied enhancement factor (21), that the appellant "was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult." Tenn. Code Ann. § 40-35-114(21) (2003). Based upon the application of that factor, the trial court ruled that it could not sentence the appellant as an especially mitigated offender. See Tenn. Code Ann. § 40-35-109(a)(2) (providing that a defendant may be an especially mitigated offender if the court "finds mitigating, but no enhancement factors"); see also Tenn. Code Ann. § 40-35-105(a)(4) (defining a "standard offender" and providing that a standard offender is not sentenced as an especially mitigated offender). Based upon the appellant's youth, the trial court applied mitigating factor (6). See Tenn. Code Ann. § 40-35-113(6). The trial court ordered that the appellant serve eight years, the minimum punishment in the range for a Class B felony. See Tenn. Code Ann. § 40-35-112(a)(2).

## II. Analysis

The appellant claims that the trial court improperly applied enhancement factor (21) in light of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and, therefore, that he is an especially mitigated offender. As an especially mitigated offender, the appellant would be entitled to have his Range I minimum sentence reduced by ten percent, have his release eligibility date reduced to twenty percent of the sentence, or both. See Tenn. Code Ann. § 40-35-109(b). The State claims that the trial court properly sentenced the appellant. We agree with the State.

Appellate review of the length, range or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4)

the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellant in his own behalf; and (7) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

In Blakely, the Supreme Court held that

> the "statutory maximum" for Apprendi [v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, (2000),] purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

Blakely, 542 U.S. at 303-04, 124 S. Ct. at 2537 (citations omitted). Blakely did not dispute the appropriateness of a trial court's application of enhancement factor (2), which is based on the existence of a defendant's prior criminal history, but called into question the constitutionality of the application of the remainder of our statutory enhancement factors without such facts being found by a jury or admitted by an appellant.

However, in State v. Gomez, 163 S.W.3d 632, 651 n.16 (Tenn. 2005), petition to rehear denied, (Tenn. May 18, 2005), our supreme court held that Blakely does not announce a new rule of law and that the "Tennessee Criminal Sentencing Reform Act does not authorize a sentencing procedure which violates the Sixth Amendment right to jury trial." Pursuant to Gomez, the appellant's reliance on Blakely must fail and we must conclude that the trial court properly applied enhancement factor (21). Given that the trial court found an enhancement factor applicable, the appellant could not be sentenced as an especially mitigated offender.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

 

 

 
                              _____

                                 NORMA McGEE OGLE, JUDGE