# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
Heard at Knoxville
January 4, 2005 Session

## STATE OF TENNESSEE v. EDWIN GOMEZ and JONATHAN S. LONDONO

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 2001-A-280     Cheryl Blackburn, Judge**

---

**No. M2002-01209-SC-R11-CD - Filed May 18, 2005**

---

### ORDER DENYING PETITION FOR REHEARING

Petitions for rehearing have been filed by Edwin Gomez, Jonathan Londono, the Attorney General and Reporter,[1] and amicus curiae, Tennessee Association of Criminal Defense Lawyers. The petitioners primarily argue that the majority opinion rests upon a misunderstanding and misapplication of the United States Supreme Court's decisions in Jones v. United States, 526 U.S. 227 (1999), Apprendi v. New Jersey, 530 U.S. 466 (2000), Ring v. Arizona, 536 U.S. 584 (2002), Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), and United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005).

The arguments advanced in the petitions to rehear were considered and rejected by a majority of this Court in its original opinion. We remain convinced that Blakely must be read in light of Booker. To do otherwise would not serve to "preserve Sixth Amendment substance." Booker, 125 S. Ct. at 752. In Booker, Justice Stevens explained:

> If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. Indeed, everyone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted from the [Sentencing Reform Act] the provisions that make the Guidelines binding on district judges; it is that circumstance that makes

---

[1] The Attorney General seeks rehearing only as to Part III.C of the majority opinion and argues that the Tennessee Criminal Sentencing Reform Act of 1989 ("Reform Act") violates the Sixth Amendment.

the Court's answer to the second question presented possible. For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.

Id. at 750 (citations omitted). The Court harmonized the Federal Sentencing Guidelines with the Sixth Amendment by applying in Booker a remedy which created a discretionary sentencing scheme. Id. at 764. We are not persuaded that the differences between the Reform Act and the post-Booker Federal Sentencing Guidelines are constitutionally significant. If the Sixth Amendment countenances a sentencing scheme that permits judges to find facts relevant to sentencing and affords judges discretion to select a sentence anywhere within a statutory range, even in the absence of enhancing facts, we are unable to conclude that the Sixth Amendment forbids a sentencing scheme in which a state legislature limits judicial discretion by designating the presumptive sentence that must be imposed when a judge finds no enhancement or mitigating factors.

The petitions for rehearing are DENIED.

Justice Anderson and Justice Birch continue to adhere to the position stated in the original dissenting opinion, and on those grounds, would grant the petitions to rehear.

FOR THE COURT:

_____
FRANK F. DROWOTA, III,
CHIEF JUSTICE

Concurring:
Janice M. Holder and William M. Barker, JJ.

Dissenting:
E. Riley Anderson and Adolpho A. Birch, Jr., JJ.

-2-