# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## AUTHOR RAY TURNER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 95-C-1691     Steve R. Dozier, Judge**

---

**No. M2004-02831-CCA-R3-CO - Filed July 21, 2005**

---

The Petitioner, Author Ray Turner, appeals the trial court's denial of his motion to reopen his petition for post-conviction relief contending that <u>Blakely v. Washington</u>, 542 U.S. __, 124 S.Ct. 2531 (2004) established a new rule of law that was retrospectively applicable to his case and entitled him to reopen his post-conviction proceedings. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Author Ray Turner, pro se.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On November 16, 1995, the Petitioner entered a guilty plea to especially aggravated kidnapping, aggravated robbery, and two counts of aggravated rape. The Petitioner was sentenced to serve an effective sentence of forty years. In 1996, the Petitioner filed a petition for post-conviction relief, the trial court dismissed his petition, and this Court affirmed the dismissal on appeal. <u>Arthur R. Turner[1] v. State</u>, No. 01C01-9707-CR-00274, 1998 WL 652154 (Tenn. Crim. App., at Nashville, Sept. 23, 1998), *perm. app. denied* (Tenn. Mar. 22, 1999). On January 7, 2004, the Petitioner filed a second petition for post-conviction relief alleging ineffective assistance of

---

[1]We note the difference in the spelling of the Petitioner's name in this proceeding.

counsel and that his guilty plea was involuntary. The trial court dismissed the Petitioner's petition, and this Court affirmed the dismissal on appeal. On June 14, 2004, the Petitioner filed a motion to reopen his post-conviction petition, and the trial court denied his motion on June 30, 2004. On September 28, 2004, the Petitioner filed a second motion to reopen his post-conviction, which the trial court denied on October 1, 2004. The Petitioner filed his notice of appeal in the trial court on November 22, 2004.

The Petitioner now appeals and alleges that Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531 (2004) established a new rule of law that was retrospectively applicable to his case and entitled him to reopen his post-conviction proceedings. Pursuant to Tennessee Code Annotated section 40-30-117(c), upon the denial of a motion to reopen a post-conviction proceeding, "the petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion." In the case under submission, the notice of appeal is untimely filed. Further, if the motion to reopen is considered on its merits, the Petitioner has failed to establish that he is entitled to relief. The Petitioner's reliance on Blakely is misplaced. In State v. Gomez, __ S.W.3d __, 2005 WL 856848 (Tenn. Apr. 15, 2005), the Tennessee Supreme Court recently held that Blakely did not establish a new rule of law. The Court thus noted that the filing of a motion to reopen based on Blakely "would be a futile endeavor." Id. at *32 n.16; see also Thomas Eugene Graham, No. E2004-02958-CCA-R3-PC, 2005 WL 1269188 at *1 (Tenn. Crim. App., at Knoxville, May 26, 2005), *no perm. app. filed*.

Accordingly, the State's motion is hereby granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE