IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 7, 2005

## STATE OF TENNESSEE v. REGGIE ESTES

**Appeal from the Circuit Court for Haywood County**
**No. 4944      William B. Acree, Judge, Sitting by Designation**

---

**No. W2004-02311-CCA-R3-CD  - Filed October 13, 2005**

---

The Appellant, Reggie Estes, was convicted by a Haywood County jury of vehicular homicide by intoxication and was sentenced to fourteen years as a Range II, multiple offender. On appeal, Estes raises the following issues for our review: (1) whether the evidence is sufficient to support his conviction; and (2) whether he was sentenced in violation of *Blakely v. Washington*. After review of the record, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, joined.

William L. Johnson, Memphis, Tennessee, for the Appellant, Reggie Estes.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Garry Brown, District Attorney General; and Jerald Campbell, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On September 22, 2002, at around 2:00 A.M., paramedics and state troopers were called to the scene of a one car collision on Highway 87, also known as Fulton Road, in Haywood County. Paramedics discovered the body of the victim, Jeffrey Graves, lying on the ground next to a totally demolished vehicle. Parts of the vehicle were strewn over a churchyard. The damage was so massive that the make of the vehicle was not immediately discernible. The Appellant was initially observed standing near the vehicle but collapsed soon thereafter.

Chris Milton of the Brownsville Fire Department was an initial emergency responder to the scene. Upon encountering the Appellant, Milton noted the strong odor of alcohol. The Appellant advised Milton that he was driving the vehicle. Paramedic Donna Conley rode with the Appellant

in the ambulance to the hospital. She testified that, although the Appellant smelled of alcohol, he appeared alert and coherent when he told her that he was the driver of the vehicle. State Trooper William (Tommy) Booker was dispatched to the scene and interviewed the Appellant around 3:15 A.M. at the hospital. The Appellant confirmed that he was the driver of the vehicle, but, when asked whether he remembered what happened, the Appellant stated, "No, I don't." A blood alcohol specimen was obtained from the Appellant. Tests results established that the Appellant's blood alcohol level was .12 percent approximately an hour and a half after the crime had occurred.

After receiving a phone call concerning the incident, Erica White, the Appellant's fiancée, followed the ambulance from the scene to Haywood Park Hospital in Brownsville. White testified that when she visited the Appellant in the emergency room, she was unable to communicate with him:

> I went over to him and I tried to touch his hand but he was shaking really badly and I kept trying to talk to him but I couldn't get him to really even talk to me. I mean his teeth were shattering really bad. I mean, he was just really - - he was just shaking - - his whole body. Everything was shaking.

At trial, Trooper Max Anderson with the Critical Incident Response Team (CRIT) of the Tennessee Highway Patrol testified as an expert in accident reconstruction. Based upon measurements from yaw marks left on the roadway by the vehicle and the use of a computerized sensing diagnostic module which read the car's air bag, Anderson calculated that the vehicle was traveling 91 miles per hour five seconds before the crash. Anderson opined that the driver lost control of the vehicle at a curve in the road and abruptly jerked the car in the opposite direction in an effort to regain control. As a result, the car skidded off the road, began a clockwise rotation, became airborne, and hit a tree. Upon impact with the tree, both the driver and the passenger were ejected from the vehicle.

In November of 2002, a Haywood County grand jury returned a two-count indictment against the Appellant charging him with vehicular homicide by intoxication and vehicular homicide by recklessness. Following a jury trial, the Appellant was found guilty of vehicular homicide by intoxication. The trial court sentenced the Appellant to fourteen years in confinement. The Appellant's motion for a new trial was denied with this appeal following.

**Analysis**

**I. Sufficiency of the Evidence**

The Appellant contends that the evidence is insufficient to support his convictions. Specifically he argues "the only information relating to the identity of the driver are the statements given to the medical personnel and the trooper by the [Appellant]. There was not any other evidence offered by the [S]tate to determine the identity of the driver of the vehicle involved in the accident."

We apply the rule that where the sufficiency of evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 433 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13 (e). The scope of our examination of the evidence is not equivalent to that of the jury's. In a challenge to the sufficiency of the evidence, this court does not retry the defendant. We emphasize that our examination in a sufficiency review is not to revisit inconsistent, contradicting, implausible, or non-credible proof, as these issues are resolved solely by the jury. Rather, we look to the record to determine whether there was substantive probative evidence to support the verdict. The second inquiry, the question of legal sufficiency, then follows: whether the record contains evidence from which the jury could have found the essential elements of the crime beyond a reasonable doubt. Every reasonable hypothesis of innocence need not be dispelled; it is only necessary that there exists proof which supports the elements of the crime. The State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given to the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

The proof at trial overwhelmingly supports the jury's verdict. Although the Appellant argues that the State failed to prove he was the driver of the vehicle because he told Trooper Booker that he did not remember what had happened and his fiancée testified that he was incoherent at the hospital, our review of the record indicates that the Appellant told authorities that he was the driver of the vehicle. After the collision, the Appellant told paramedics and police officers, both at the scene and in the emergency room, that he was the driver of the vehicle. Blood tests confirmed that the Appellant's level of intoxication exceeded the legal limit. *See* Tenn. Code Ann. § 55-10-401 (a)(2) (2003). From these facts, a rational jury could have concluded: (1) that the Appellant killed the victim by the operation of a motor vehicle; (2) that the Appellant acted recklessly; and (3) that the killing was the proximate result of the Appellant's intoxication. *See* Tenn. Code Ann. § 39-13-213(a)(2) (2003). Accordingly, we conclude that the evidence at trial is legally sufficient to support the Appellant's conviction for vehicular homicide by intoxication.

## II. Sentencing

The Appellant also argues that the trial court's imposition of an enhanced sentence violates his Sixth Amendment right to trial by jury as recognized by the Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).[1] First, we would note that this issue is waived because it was not raised by the Appellant at the sentencing hearing. *See State v. Gomez*, 163 S.W.3d 632 (Tenn. 2005). Moreover, our supreme court held in *Gomez* that the Sentencing Reform

---

[1] The Appellant presents no challenge to his enhanced sentences under the 1989 Sentencing Act.

Act of 1989 does not violate the Sixth Amendment guarantee of a jury trial and was, thus, not affected by the *Blakely* decision. *Id.* Accordingly, this issue is without merit.

## CONCLUSION

Finding no reversible error, the judgment of conviction and resulting sentence are affirmed.

_____
DAVID G. HAYES, JUDGE