IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 6, 2005

## TERRY LYNN ROBERTS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Carroll County**
**No. 01CR-1776     C. Creed McGinley, Judge**

---

**No. W2005-00917-CCA-R3-PC  - Filed January 3, 2006**

---

The petitioner, Terry Lynn Roberts, was convicted of rape of a child, aggravated sexual battery,  and rape and sentenced, respectively, to terms of twenty-five years, eleven years, and twelve years, with the sentences to be served consecutively.  The convictions and sentences were affirmed on direct appeal, with the petitioner then filing a petition for post-conviction relief, relying on the holding in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and asserting that it should be applied retroactively and, as a result, the court erred in enhancing his sentences.  The post-conviction court dismissed the petition, and we concur in that dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Steven L. West, McKenzie, Tennessee, for the appellant, Terry Lynn Roberts.

Paul G. Summers, Attorney General and Reporter; Leslie Price, Assistant Attorney General; G. Robert Radford, District Attorney General; and Stephen D. Jackson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Judgments of conviction were entered against the petitioner on March 18, 2002, and this court affirmed the convictions on October 8, 2003.  See State v. Terry Lynn Roberts, No. W2002-01527-CCA-R3-CD, 2003 WL 22309502, at *4 (Tenn. Crim. App. Oct. 8, 2003), perm. to appeal denied (Tenn. Mar. 8, 2004).  The Tennessee Supreme Court denied permission to appeal on March 8, 2004.  The petitioner filed his petition for post-conviction relief on August 23, 2004. Following an evidentiary hearing, the post-conviction court entered its findings of fact and conclusions of law on March 29, 2005, determining that the petition was without merit and, thus, dismissing it.  The petitioner timely appealed, asserting that under the United States and Tennessee Constitutions, the decision of the United States Supreme Court in Blakely should be applied

retroactively, resulting in the petitioner's receiving the minimum sentence for each of his convictions. Before the post-conviction court the petitioner also had argued, apparently necessitating the evidentiary hearing, that trial counsel had been ineffective. However, this issue is not raised on appeal.

Unfortunately for the petitioner, our supreme court recently issued its opinion in State v. Gomez, 163 S.W.3d 632, 651 (Tenn. 2005), holding that Blakely did not announce a new rule of constitutional law requiring retroactive application under the Post-Conviction Procedure Act and, further, that Tennessee's sentencing scheme complies with the Sixth Amendment as interpreted by the Supreme Court in Blakely and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). Accordingly, we conclude that the post-conviction court correctly dismissed the petition.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court.

_____
ALAN E. GLENN, JUDGE