IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 13, 2005

## LEONARD MAYSONET v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2001-A-278     Steve Dozier, Judge**

_____

**No. M2005-00921-CCA-R3-PC - Filed January 6, 2006**

_____

The petitioner, Leonard Maysonet, appeals the Davidson County Criminal Court's summary dismissal of his petition for post-conviction relief from his convictions for carjacking, a Class B felony, and kidnapping, a Class C felony, and resulting concurrent sentences of twelve years in the Department of Correction. He claims the trial court erred in finding his petition was time-barred by the one-year statute of limitations. He asserts that Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), announced a new rule of constitutional law requiring retroactive application to his case. We affirm the trial court's summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Leonard Maysonet, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Amy Hunter Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record reflects that the petitioner pled guilty on January 7, 2002, to carjacking and kidnapping and that he did not file a direct appeal. On March 17, 2005, the petitioner filed a petition for post-conviction relief, alleging that his trial counsel was ineffective for failing to inform him of the constitutional defects in Tennessee's presumptive sentencing scheme. He claimed that had he been properly informed that a judge's findings of fact used to apply enhancement factors to his sentences violated his Sixth Amendment right to trial by jury, he would have gone to trial. He also asserted that Blakely requires retroactive application, thereby invalidating the trial court's enhancement of his sentences. On March 18, 2005, the trial court entered an order dismissing the petition, stating,

After review of the petition, the applicable statutes, and authorities, the Court finds that the petition has not been timely filed and is barred by the one year statute of limitations. Further, the grounds for relief stated in the petition do not fall within any exception to the limitation period.

On appeal, the petitioner's claims that his petition for post-conviction relief presented a colorable claim, thereby entitling him to the appointment of counsel and a full evidentiary hearing. The state contends that the petition is time-barred by the statute of limitations, that Blakely does not require retroactive application, and that in any event, Tennessee's sentencing scheme does not run afoul of the Sixth Amendment. We agree with the state.

The Post-Conviction Procedure Act provides:

> (a) Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. . . .
> (b) No court shall have jurisdiction to consider a petition filed after such time unless:
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial.

T.C.A. § 40-30-102(a), (b)(1). We note that our supreme court has held that Blakely did not announce a new rule of constitutional law requiring retroactive application under the Post-Conviction Procedure Act and that in any event, Tennessee's sentencing scheme complies with the Sixth Amendment as interpreted by the Supreme Court in Blakely and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). State v. Gomez, 163 S.W.3d 632, 651 n.16, 661 (Tenn. 2005). We conclude the trial court did not err in dismissing the petition. The petitioner is not entitled to relief.

_____
JOSEPH M. TIPTON, JUDGE