IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 6, 2005

## CARLITO D. ADAMS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-22151     James C. Beasley, Jr., Judge**

---

**No. W2005-00459-CCA-R3-PC  - Filed February 24, 2006**

---

The petitioner, Carlito D. Adams, was convicted in 1995 of two counts of felony murder and two counts of attempted felony murder, with the latter being reversed and dismissed. *See State v. Carlito D. Adams*, No. 02C01-9608-CR-00267, 1997 Tenn. Crim. App. LEXIS 1247 (Tenn. Crim. App. Dec. 11, 1997), *perm. to appeal denied concurring in results only* (Tenn. Nov. 9, 1998).  In November 1999, he filed a petition for post-conviction relief, which, according to the petitioner, was dismissed for failure to prosecute.  Additionally, he alleges that this court denied, on January 25, 2002, his motion to reconsider the dismissal.  On January 19, 2005, he filed a motion to reopen his post-conviction petition, claiming that a new right, which he sought to assert, had been recognized in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and that there was new scientific evidence establishing his actual innocence.  The post-conviction court denied the motion to reopen, and the petitioner appealed.  Following our review, we affirm the order of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Carlito Adams, Whiteville, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; and William L. Gibbons, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

The facts which were the basis for the petitioner's convictions were set out in this court's opinion on direct appeal:

The defendant lead [sic] his accomplices to the Dawson residence on David Street. He approached the vehicle first. Thomas testified that the defendant had a weapon. The defendant ordered Blackman out of the car and, when Blackman began to run, the defendant yelled "Get him!" Eric Jones testified that he saw the defendant and two others standing by the car, heard one say, "Drop it off," and observed the victims removing jewelry. In his statement to police, the defendant acknowledged that he called his friends for "back up," was aware that several of his companions had weapons, and knew that a robbery occurred. The jury rejected his claim that he learned of the information second hand some time after the commission of the crimes. Thus, the evidence is sufficient to show that the defendant was reckless in his actions, knowingly participated in the robbery, and acted recklessly in regard to the victims. The evidence is also sufficient to show that the killings were not independent from the robbery and were a natural and probable consequence arising from the events. In our view, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.

*Carlito D. Adams*, 1997 Tenn. Crim. App. LEXIS, at \*27-28.

## ANALYSIS

In our review, we first will trace the various post-conviction filings which the petitioner has made since the opinion of this court on December 11, 1997, affirming his convictions for first degree felony murder and reversing those for attempted first degree felony murder. Our supreme court denied the petitioner's application for permission to appeal, concurring in results only, on November 9, 1998.

A March 18, 2003, order of this court denying the petitioner's application for delayed appeal noted he claimed that in November 1999 he had filed a petition for post-conviction relief, which was dismissed on August 3, 2000, because of his failure to prosecute the petition. He then filed a motion to reconsider the dismissal which was denied on January 25, 2002. On January 19, 2005, he filed a motion to reopen the post-conviction petition, arguing that *Blakely v. Washington*, 542 U.S. 296, 125 S. Ct. 2531 (2004), according to his petition, "establish[ed] a constitutional right that was not recognized as existing at the time of trial but now is required to be recognized and applied in [his] case" and that a "TBI ballistics report of actual murder weapons and who used these weapons" his actual innocence. According to the petitioner, the report "proves that [he] did not shoot anyone or that [he] had a weapon used in [the] crime." He provided no other information about the report.

The post-conviction court entered an order on January 24, 2005, denying the motion to reopen, stating:

This cause came on to be heard on a motion to repoen a petition for post[-]conviction relief. The original petition for post[-]conviction relief was dismissed for failure of the petitioner to prosecute his petition. The statute of limitations has long

since run. Several efforts have been made by the petitioner to restart the process. Again, the petitioner has not shown any colorable or statutory grounds to allow a waiver of the statute of limitations, therefore there is no petition to reopen. For those reasons the motion in this cause is not well taken and should be dismissed.

The petitioner's notice of appeal was dated February 14, 2005, and filed by the clerk on February 16, 2005. Tennessee Code Annotated section 40-30-117(c) requires that an application for permission to appeal the denial of a motion to reopen a petition for post-conviction relief must be filed within ten days from the dismissal. *See also* Tenn. Sup. Ct. R. 28, § 10(B). Even if we construe the notice of appeal as adequate to get the matter before this court, it was untimely and this court is without jurisdiction to consider it. *See James R. Blevins v. State*, No. E2004-02497-CCA-R3-PC, 2005 WL 1651793 (Tenn. Crim. App. July 13, 2005); *Mario Gates v. State*, No. W2002-02873-CCA-R3-PC, 2003 WL 23100815 (Tenn. Crim. App. Dec. 31, 2003). However, even if the appeal were timely, we would conclude that it is without merit, as we will explain.

On appeal, the petitioner does not mention either of the two claims which were the basis for his motion to reopen but, instead, sets out a lengthy and rambling chronology of events from his arrest, through his conviction and subsequent filing of several post-conviction pleadings. Much space in his appellate brief is devoted to complaints that counsel who represented him were ineffective.

Tennessee Code Annotated section 40-30-117, *see also* Tenn. Sup. Ct. R. 28 § 2(C), governs motions to reopen a post-conviction petition. A motion to reopen a prior post-conviction petition may only be granted if the petitioner alleges that:

> (1) a final ruling of an appellate court establishes a constitutional right that was not recognized as existing at the time of trial and retrospective application of the right is required; or

> (2) new scientific evidence exists establishing that the petitioner is actually innocent of the convicted offense(s); or

> (3) the petitioner's sentence was enhanced based upon a prior conviction which has subsequently been found invalid.

*See* T.C.A. § 40-30-117(a). If the claim is based upon a new constitutional rule of law, the claim must be brought within one year of the ruling establishing that right. T.C.A. § 40-30-117(a)(1). If the claim is based upon an invalid prior conviction, the claim must be brought within one year of the ruling holding the prior conviction invalid. T.C.A. § 40-30-117(a)(3).

In the present case, the petitioner essentially claims that the trial court abused its discretion in denying his motion to reopen his post-conviction petition because *Blakely* created a new rule of constitutional law. However, in *State v. Gomez*, 163 S.W.3d 632, 651 n.16 (Tenn. 2005), our

supreme court held that *Blakely* did not establish a new rule of law, explaining that "seeking reopening [of a petition for post-conviction relief] under section [40-30]-117 based on *Blakely* would be a futile endeavor." Accordingly, even if not waived, this claim would be without merit.

The petitioner also claimed, cryptically, in his motion that a TBI ballistics report "proves that [he] did not shoot anyone or that [he] had a weapon used in [the] crime." No additional information was provided in the motion filed with the post-conviction court, and the petitioner makes no mention of this report in his appellate brief. Accordingly, we conclude that this claim, also, is waived.

In *Howell v. State*, 151 S.W.3d 450 (Tenn. 2004), our supreme court explained the factual showing which must be made as to "actual innocence" before a petition for post-conviction relief may be reopened:

> [D]efendants petitioning for post-conviction relief are held to more stringent standards as they proceed further along in this process. They must present only a "colorable claim" to relief in an original petition, but in a motion to reopen a post-conviction proceeding they must present facts which "would establish by clear and convincing evidence" that they are entitled to relief. These progressively higher standards attempt to balance the State's interest in maintaining the finality of judgments with a petitioner's interest in attacking a possibly unconstitutional conviction or sentence.

*Id*. at 460 (citation omitted).

In this matter, the only "facts" alleged by the petitioner is that a TBI report would prove that he "did not shoot anyone" or "had a weapon used in" the crime. However, such findings would be contrary to the facts which were the bases of the petitioner's convictions.

## CONCLUSION

The order of the post-conviction court denying the motion to reopen is affirmed.

THOMAS T. WOODALL, JUDGE

-4-