IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 13, 2005

## DONNIE W. FOULKS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Greene County**
**No. 01CR223    James E. Beckner, Judge**

---

**No. E2005-00351-CCA-R3-PC   Filed April 7, 2006**

---

The Appellant, Donnie W. Foulks, appeals the judgment of the Greene County Criminal Court denying post-conviction relief. On appeal, Foulks argues that he was denied his Sixth Amendment right to the effective assistance of counsel and that his sentencing violated the constitutional mandate of *Blakely v. Washington*. After review of the record, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Janie Lindamood, Johnson City, Tennessee, for the Appellant, Donnie W. Foulks.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; and James Goodwin, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

The procedural history recited by this court in *State v. Donnie W. Foulks*, No. E2002-00224-CCA-R3-PC (Tenn. Crim. App. at Knoxville, Oct. 9, 2002), reflects:

> In December 1996, the petitioner was convicted of second degree murder and sentenced to twenty-five years in confinement. On August 17, 1998, this court affirmed the petitioner's conviction and sentence. *State v. Donnie Wayne Foulks*, No. 03C01-9705-CR-00194, 1998 Tenn. Crim. App. LEXIS 864 (Knoxville, Aug. 17, 1998). Following this court's decision, the petitioner's counsel did not withdraw from further representation of the petitioner pursuant to Tennessee Supreme Court Rule 14 and did not seek to appeal this court's judgment to the supreme court pursuant to Rule 11, Tennessee Rules of Appellate Procedure.

On May 12, 1999, the petitioner filed a pro se petition for post-conviction relief and asserted, among other grounds, that his counsel was ineffective for failing to notify the petitioner of this court's adverse decision and also for failing to file an application for permission to appeal to the supreme court. The post-conviction court denied relief and the petitioner timely filed a notice of appeal to this court on July 3, 2000. This court entered an order on July 2, 2001, which vacated and reentered its judgment of August 17, 1998, "for the sole purpose of reinstating the time allowed for the petitioner to seek second-tier appellate review in the Tennessee Supreme Court." The order further provided, "[t]he petition for post-conviction relief filed in trial court case no. 99CR079 and the remaining claims raised therein shall be dismissed without prejudice." On November 5, 2001, the petitioner's application for permission to appeal his conviction was denied by the Tennessee Supreme Court.

On December 31, 2001, the petitioner filed. . . [a] petition for post-conviction relief, alleging ineffective assistance of counsel at trial and on appeal. On January 11, 2002, the post-conviction court summarily dismissed the instant petition, citing Tennessee Code Annotated section 40-30-202(c) and concluding that because the petitioner had previously filed a petition for post-conviction relief on May 12, 1999, he was precluded from filing the instant petition. Furthermore, the petitioner's motion to reconsider was denied on January 18, 2002. The petitioner timely appealed the post-conviction court's ruling, alleging that because his first petition for post-conviction relief was not decided on its merits, the post-conviction court erred in dismissing his second post-conviction petition.

On October 9, 2002, this court concluded that the trial court erred in summarily dismissing the Appellant's claim for relief as his first post-conviction petition was filed for the purpose of obtaining a delayed appeal of his original conviction and was dismissed without prejudice. The Appellant filed an amended petition for post-conviction relief on April 28, 2003, focusing primarily upon the ineffective assistance of appellate counsel. In a supplemental amended petition, the Appellant alleged that his sentence violated the constitutional requirements of *Blakely v. Washington*.

At the post-conviction evidentiary hearing, the Appellant testified that he met with appellate counsel's associate and discussed all possible issues that could be raised on appeal and that he told the associate that he "wanted everything raised." He stated that he never delegated decision making authority to his family. Appellate counsel testified that after the Appellant was convicted of second degree murder, the Appellant's family retained him to appeal the case. Along with his associate, he met with the family and ascertained that they were "most upset with the sentence." He never met with the Appellant personally, instead sending his associate. Appellate counsel testified that he reviewed the motion for new trial but chose to appeal only the sentence. He explained that after

a reading of the record . . . the transcript was pretty bad on behalf of [the Appellant]. I felt like there were a lot of circumstances and facts in there, that I guess Judge

Beckner saw, that we thought perhaps maybe not the Court of Appeals (sic) need to review all of that before they made their mind up on whether he had made a mistake on some other things; so we very carefully, I guess, crafted an appeal based upon the sentencing and the way that it was applied and did not appeal the other matters.

Appellate counsel sent the Appellant copies of the briefs and believed that the Appellant and his family agreed with the appellate strategy. Furthermore, appellate counsel acknowledged that he failed to notify the Appellant of this court's adverse decision on direct appeal and failed to seek permission to appeal the decision to the Tennessee Supreme Court. By written order of January 7, 2005, the Greene County Criminal Court denied post-conviction relief. This appeal followed.

## Analysis

### I. Ineffective Assistance of Counsel

The Appellant first argues that appellate counsel was deficient in his representation of the Appellant on appeal. It is undisputed that a criminal defendant is guaranteed the effective assistance of appellate counsel as of right. The effectiveness of appellate counsel's representation is determined on appeal using the same standards as applied to trial counsel.

To succeed on a challenge of ineffective assistance of counsel, the Appellant bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. T.C.A. § 40-30-110(f) (2003). The Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient performance and (2) prejudice resulting from the deficiency. The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994).

It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068) (citations omitted).

On appeal, the Appellant argues that he was denied his Sixth Amendment right to counsel because appellate counsel "failed to adequately communicate with [the Appellant] and failed to raise issues on appeal that would likely have resulted in relief for [the Appellant]." Our review of the Appellant's argument is two-fold. First, we must consider whether appellate counsel's failure to raise

issues represents deficient performance. We preface our inquiry with the observation that counsel's choices, as to the issues to raise on appeal, are generally entitled to substantial deference. *Strickland*, 466 U. S. 689, 104 S. Ct. At 2065. Our supreme court has stated that counsel on appeal has no obligation to raise every conceivable argument which might be made. *Carpenter v. State*, 126 S.W.3d 879, 887 (Tenn. 2004) (citing *King v. State*, 989 S.W.2d 319, 334 (Tenn. 1999)). Clearly, counsel cannot be considered ineffective for failing to raise issues that are meritless. "[I]neffectiveness is very rarely found in cases where a defendant asserts that appellate counsel failed to raise an issue on direct appeal, primarily because the decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel." *Kennath Henderson v. State*, No. W2003-01545-CCA-R3-PD (Tenn. Crim. App. at Jackson, June 28, 2005).

Second, the Appellant is required to demonstrate prejudice due to appellate counsel's error. In order to establish prejudice, the Appellant must show that had appellate counsel raised the issue or issues asserted, there is a reasonable probability that his conviction would have been reversed. Thus, we are required to examine the merits of the issues which were not raised by appellant counsel on appeal. *Carpenter*, 126 S.W.3d at 887.

On appeal, the Appellant argues that appellate counsel's failure to raise "eighteen issues of error," contained in the Appellant's motion and amended motion for new trial, constituted deficient appellate performance. The Appellant follows with the bald assertion that raising these issues on appeal "would likely have resulted in relief." The Appellant offers no argument, nor does he cite to any authority in support of this position of deficient performance. It is the Appellant's burden to prove, by clear and convincing evidence, that the issues which were not raised on appeal had merit and that if they had been raised on appeal, there is a reasonable probability that the murder conviction would have been reversed. Because the Appellant has failed to carry this burden, this issue is without merit.

Moreover, with regard to the Appellant's argument that appellate counsel was ineffective for failing to communicate, resulting in the Appellant's forfeiture of supreme court review of his conviction, we, likewise, conclude that this issue is without merit. The Appellant, through the delayed appeal provisions of the Post-Conviction Procedure Act, *see* T.C.A. § 40-30-113 (2003), did obtain permission to appeal this court's adverse decision to the Tennessee Supreme Court. Accordingly, no prejudice resulted.

## II. *Blakely v. Washington*

The Appellant argues that the trial court's application of enhancement factors to increase the length of his sentence beyond the statutory minimum violated his "Constitutional right to a determination of guilt beyond a reasonable doubt" as required by *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). This court has previously held that retrospective application of the rule announced in *Blakely* to cases on collateral review is not required. *See, e.g., Patrick C. Parks v. State*, No. M2004-2524-CCA-R28-CO (Tenn. Crim. App. at Nashville, Mar. 21, 2005); *Issac Herron v. State*, No. W2004-02533-CCA-R28-PC (Tenn. Crim. App. at Jackson, Nov. 22, 2004). More

importantly, our supreme court in *State v. Gomez*, 163 S.W.3d 632, 650-51 (Tenn.), *reh'g denied,* (2005), concluded that *Blakely* has no application to Tennessee's 1989 Sentencing Reform Act. Moreover, in *Gomez*, our supreme court specifically held that "*Blakely* did not announce a new rule," thus, precluding retroactivity to a final conviction. *Id.* at 649-50. Accordingly, this issue is without merit.

## CONCLUSION

Based upon the foregoing, we affirm the dismissal of the Appellant's petition for post-conviction relief by the Greene County Criminal Court.

_____
DAVID G. HAYES, JUDGE