IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 30, 2007

## STATE OF TENNESSEE v. TIMOTHY R. BOUTON

**Appeal from the Criminal Court for Hamilton County**
**No. 251419     Rebecca Stern, Judge**

---

**No. E2006-02737-CCA-R3-CD - Filed February 8, 2008**

---

DAVID G. HAYES, J., dissenting in part.

The majority, after finding plain error, remands for re-sentencing to conform with the requirements of *Blakely v. Washington*. I must respectfully dissent.

After review, I am unable to conclude that plain error exists because (1) correction of the error is not "necessary to do substantial justice," *see* Tenn. R. Crim. P. 52(b), and (2) the admission of *Blakely* error at the Defendant's sentencing hearing, without objection, was based upon tactical reasons. *See State v. Smith*, 24 S.W.3d 274, 282-83 (Tenn. 2000) (for error to be plain requires that the error waived was not waived for tactical purposes). For the first time on appeal, the Defendant, after two sentencing hearings, now argues that his sentence for vehicular homicide requires modification in light of *Blakely v. Washington*.

On August 17, 2006, this court remanded the Defendant's case to the trial court for a determination of whether sentencing would be governed by the pre-June 7, 2005 sentencing provisions or by the June 7, 2005 sentencing amendments, which were enacted by our legislature in express response to the requirements of *Blakely v. Washington*. As such, the sentencing benefits of *Blakely* were readily available to the Defendant during the sentencing hearing. On remand, the Defendant, as observed by the majority, "elected to be sentenced" under the pre-June 7, 2005 sentencing provisions. We must presume that the Defendant's selection was informed and made upon the advice of counsel, after weighing the pros and cons of the respective sentencing provisions.[1] Having elected to be sentenced under the pre-June 7, 2005 law, the trial court then applied the applicable law at the time under *State v. Gomez*, 163 S.W.3d 632 (Tenn. 2005) ("*Gomez* I").

---

[1] The Defendant's situation in this case is totally inapposite to that of the defendant Gomez in *State v. Gomez,* 239 S.W.3d 733 (Tenn. 2007) ("*Gomez* II"), who, at the time of his sentencing, did not have the option to select from a constitutionally valid sentencing scheme as required by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).

It is clear that the Defendant could have raised *Blakely* error at the sentencing hearing, but he chose not to do so. He was given the option to choose the post-June 7, 2005 sentencing provisions, which complied with *Blakely*. Now, after the sentence is imposed, he argues that his sentence violates *Blakely*. For these reasons, I find that the error was knowingly waived for tactical reasons. *See* Tenn. R. App. P. 36(a) (relief may not be granted to a party who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error). Because the issue is waived, it is reviewable on appeal only under the discretionary authority of plain error. *See* Tenn. R. Crim. P. 52(b); *see also* Tenn. R. App. P. 13(b).

An appellate court is permitted to correct plain error only when the error is "of such a great magnitude that it probably changed the outcome of the trial." *State v. Adkisson*, 899 S.W.2d 626, 642 (Tenn. Crim. App. 1994). Clearly, this was the import of the Supreme Court's recent holding in *U. S. v. Booker*, 543 U.S. 220, 268, 125 S. Ct. 738, 769 (2005), wherein it opined that not "every [*Blakely/Booker*] appeal will lead to a new sentencing hearing. This is because we expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the 'plain-error' test."

Following *de novo* review, the record supports application of enhancing factors (2), previous history of criminal conviction; and (11), no hesitation about committing a crime when the risk to human life is high. *See* T.C.A. § 40-35-114(2), (11). The record does not support application of factor (14) because the Defendant was not on felony probation when the instant crimes were committed.[2] *See* T.C.A. § 40-35-114(14). The majority rejects factor (11) not because it does not exist but because it violates *Blakely*. I find, however, under *de novo* review, that had a jury heard the proof with regard to factors (2) and (11), the jury's sentencing verdict would have been the same as that of the trial court. Accordingly, the Defendant has failed to establish prejudice in order to satisfy the "affecting substantial rights" requirement of Rule 52(b). *See United States v. Cotton*, 535 U.S. 625, 633, 122 S. Ct. 1781, 1786 (2002).

In sum, I am unpersuaded that the Defendant, who has already had two bites at the apple, by saying nothing, gets a third bite. Accordingly, I would affirm the Defendant's sentence of ten years. In all other respects, I join with the majority.

_____
DAVID G. HAYES, JUDGE

---

[2]Under the 2007 amendments, factor (14) would be applicable.