# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. MARK A. SCHIEFELBEIN

**Criminal Court for Williamson County**
**No. I-1102-427**

---

**No. M2005-00166-CCA-R3-CD - Filed March 7, 2007**

---

## ORDER

The defendant petitions the court to rehear the portion of its sentencing determination that addressed *Cunningham v. California*, ___ U.S. ___, 127 S. Ct. 856 (2007) and *State v Gomez*, 163 S.W.3d 632 (Tenn. 2005). The petition stated that the defendant's counsel is "not unmindful of the Court's observation in footnote 33 of the Opinion that 'should a court upon further review, determine that the lengths of the defendant's sentences violate the Sixth Amendment, the configuration of consecutive sentencing [yielding an effective 36-year sentence] should be adjusted appropriately.'" Relying upon the pendency of *Gomez* before the United States Supreme Court, the defendant asked this court to revisit the Sixth Amendment right-of-jury-trial issue "after the United States Supreme Court rules in the *Gomez* case." Subsequently to the filing of the petition for rehearing, the High Court vacated the Tennessee Supreme Court's judgment in *Gomez* and remanded the case to the latter court for reconsideration in light of *Cunningham*. *See Gomez v. Tennessee*, ___ U.S. ___, 127 S. Ct. ___ 75 U.S.L.W. 3429 (2007).

In the opinion in the present case, we expressed the view that *Gomez* ran afoul of the Sixth Amendment despite that Tennessee's pre-2005 sentencing law *arguably* (1) contained no mandatory, binding requirements and (2) utilized an indeterminate sentencing range. *See State v. Mark A. Schiefelbein*, No. M2005-00166-CCA-R3-CD, slip op. at 59-60 (Tenn. Crim. App., Nashville, Feb. 8 2007). Nevertheless, we determined that *Gomez,* which premised its validation of the pre-2005 sentencing law upon those two factors, controlled our decision-making so long as it remained viable. *Id.*, slip op. at 60. The United States Supreme Court's vacated the judgment and opinion in *Gomez* and remanded the case to the Tennessee Supreme Court for reconsideration in light of *Cunningham*. Even though the Tennessee Supreme Court has not acted on remand, we no longer feel constrained to follow that court's erstwhile opinion in *Gomez* and conclude that *Cunningham* did apply the *coup de grace* to the rationale employed in Tennessee's pre-2005 sentencing law.

Thus, it is ORDERED that the petition for rehearing is GRANTED.

Now, in disposing of the case upon rehearing, we hold that the trial court's use of statutory enhancement factors to increase the length of each of the petitioner's sentences to the maximum in the range violated his Sixth Amendment right to trial by jury. We premise this holding upon the reasoning and "suspicions" expressed in our opinion, *see id.*, slip op. at 55-61, but we can now hold rather than merely speculate that Tennessee's pre-2005-revision sentencing law, which mandated an inertial, presumptive sentence, was "just as determinative as Washington's scheme – because the sentence was fixed by statute in the absence of fact-finding not embraced in the jury's verdict – and just as mandatory, as well – because the judge was not authorized to depart from the presumptive sentence unless he or she found certain facts not embraced in the jury's verdict," *id.*, slip op. at 60.[1]

In the present case, the trial court applied a total of two enhancement factors,[2] both of which, pursuant to the Sixth Amendment, required a jury's finding beyond a reasonable doubt. Pursuant to *Blakely* and *Cunningham*, then, no statutory enhancement factors are applicable to overcome the inertia of the presumptive sentence, which on each count is eight years. *See* T.C.A. § 40-35-112(a)(2) (2003).

In the opinion in this case, we cautioned that our revision of the effective sentence from 96 to 36 years was "based upon a statutory mandate to fashion a proportionate sentence" and that if, upon further review, it should be determined that "the lengths of the defendant's sentences violate the Sixth Amendment, the configuration of consecutive sentencing should be adjusted appropriately." *See Mark A. Shiefelbein*, slip op. at 62 n.33. Therefore, considering that each sentence must be modified to eight years, this court's judgment should be further modified to impose the sentences in indictment counts 4, 6, 10, and 11 to run consecutively to each other and the sentences in indictment counts 2, 7, 8, and 9 to run concurrently with each other and with the sentence in indictment count 4, thereby yielding an effective sentence of 32 years.

Thus, it if further ORDERED that this court's judgment in this cause shall be amended to reflect the imposition of a sentence of eight years for each conviction and that a combination of consecutive and concurrent sentencing as described in this order shall be implemented.

It is further ORDERED that the appellate costs associated with the petition to rehear and the entry of this order and of an amended judgment shall be taxed to the State of Tennessee.

---

[1]We note that, unlike in *Gomez* where the defendants failed to raise the Sixth Amendment issue at the time of sentencing, the defendant in the present case did raise the issue in a timely fashion in the trial court. *See Gomez*, 163 S.W.3d at 648.

[2]The trial court enhanced each sentence for aggravated sexual battery by applying Tennessee Code Annotated section 40-35-114(16), that the defendant abused a position of private trust and used a special skill that facilitated the commission of the offense. In sentencing for the conviction of aggravated sexual exploitation of a minor, the trial court also applied section 40-35-114(8) that the defendant committed the offense to gratify his desire for pleasure or sexual excitement.

PER CURIAM

(Witt, Wedemeyer, JJ., Wade, P.J.,
  not participating)