# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### April 13, 2010 Session

## CHRISTOPHER KYLE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 03-08001    Lee V. Coffee, Judge**

**No. W2009-00260-CCA-R3-PC  - Filed February 1, 2011**

Following his convictions for second degree murder and theft, the Petitioner, Christopher Kyle, filed a petition for post-conviction relief, alleging that his trial and appellate counsel were ineffective, specifically in failing to challenge the accuracy of the autopsy report and the sentencing procedure employed by the trial court.  After a hearing, the post-conviction court denied the petition, and the Petitioner now appeals.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Robert Brooks, Memphis, Tennessee, for the appellant, Christopher Kyle.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; William L. Gibbons, District Attorney General; and Doug Carriker, Assistant District Attorney General, for the appellee.

## OPINION

### I.  Factual Background

The Petitioner was originally indicted for first degree premeditated murder, first degree felony murder, and especially aggravated robbery.  State v. Christopher Kyle, No. W2005-01339-CCA-R3-CD, 2006 WL 2935799, at *1 (Tenn. Crim. App. at Jackson, Oct. 13, 2006).  The proof adduced at trial revealed that the Petitioner, Linda Wade, and the victim, Lurinzo Cosey, Jr., went to a casino in Tunica, Mississippi.  Id.  While at the casino, they exchanged counterfeit money for cash.  Id.  On the return trip to Memphis, the Petitioner

shot the victim and took some items, including a radio, from the victim's car before abandoning the car in a parking lot. Id. at **1-2. The Petitioner later sold the radio. Id. at *2. The Petitioner said he shot the victim in self-defense after the victim threatened him with a gun. Id. at *3. However, a Shelby County Criminal Court Jury rejected the claim of self-defense and convicted the Petitioner of second degree murder and theft of property, for which he received a total effective sentence of twenty-three years in the Tennessee Department of Correction. Id. at *1. The Petitioner appealed his convictions and sentences, and this court affirmed the judgments of the trial court. Id.

Thereafter, the Petitioner timely filed a pro se petition for post-conviction relief. The Petitioner alleged his trial counsel was ineffective because she should have employed an expert witness to challenge the finding in the autopsy report that the victim was "shot eight or nine times[] when in fact he was only shot four times at most." The Petitioner maintained that the number of shots was a "critical factor in [his] defense." The Petitioner also contended both trial and appellate counsel were ineffective for failing to challenge the sentencing procedures employed by the trial court, alleging a violation of Blakely v. Washington, 542 U.S. 296, 303 (2004), which provides that the "'statutory maximum' for Apprendi[v. New Jersey, 530 U.S. 466 (2000)] purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" The post-conviction court appointed counsel to assist the Petitioner, but no amended petition was filed.

At the post-conviction hearing, the Petitioner testified that he and trial counsel went over discovery materials, including the autopsy report, prior to trial. The Petitioner stated that the autopsy report reflected that the victim had eight gunshot wounds, but he maintained that he did not fire that many shots. He told trial counsel of this discrepancy. The Petitioner recalled that trial counsel spoke with Dr. O.C. Smith, the medical examiner who performed the autopsy. According to trial counsel, Dr. Smith said that some of the gunshot wounds could have been from bullets exiting the body and reentering the body at a different place. The Petitioner believed Dr. Smith's trial testimony would be consistent with his earlier statements to counsel. Therefore, he never asked counsel to hire an expert to challenge the autopsy report. However, at trial, Dr. Teresa Campbell was called to testify about the autopsy report, and she never discussed the possibility that some of the wounds were reentry wounds. The Petitioner said that the report called into question his assertion of self-defense, maintaining that he could explain four gunshot wounds but that eight gunshot wounds made him "seem like a lunatic." The Petitioner said he had no other complaints about trial counsel.

Dr. O.C. Smith testified as a forensic pathology expert at the post-conviction hearing. He could not specifically recall meeting with trial counsel about the Petitioner's case. However, he stated that he had worked with her on several cases and that they generally

would have several pretrial conferences.

Dr. Smith said that the eight gunshot wounds to the victim could have come from no fewer than six bullets but no more than eight bullets. He said that of the "eight wound tracks," two had atypical entrance patterns which could indicate they were caused by bullets reentering the victim. He said he and counsel would have discussed the number of bullets.

The Petitioner's trial counsel said she met with the Petitioner prior to trial and discussed trial strategy and the discovery provided by the State. Trial counsel stated that she could not recall the specific details of her meeting with Dr. Smith prior to trial. However, her normal practice was to review an autopsy report prior to meeting with Dr. Smith in order to discuss the findings. She also could not recall the details of her conversation with Dr. Smith about the number of bullets. Trial counsel said that she had never hired an expert witness to challenge an autopsy report and that the Petitioner did not make a request for an expert to be hired.

Trial counsel said that her trial strategy was to pursue self-defense or, in the alternative, to seek a conviction of a lesser-included offense. She stated her strategy was successful in that the Petitioner was convicted of second degree murder instead of the charged offense of first degree murder.

Trial counsel acknowledged that she did not raise a Blakely issue regarding the sentence imposed by the trial court. She said that she could not recall why she did not make a complaint regarding Blakely.

The Petitioner's appellate counsel said that the trial court, applying two enhancement factors and no mitigating factors, enhanced the Petitioner's sentence for second degree murder to twenty-three years from the statutory minimum of twenty years. However, counsel did not raise an issue regarding Blakely on appeal. She stated that her reasons were two-fold. First, at the time of Petitioner's trial, the Tennessee Supreme Court's opinion, State v. Gomez, 163 S.W.3d 632, 661 (Tenn. 2005), stated that Tennessee's sentencing scheme did not violate Blakely. Appellate counsel acknowledged that she, and many members of the legal community, disagreed. However, she stated that her primary reason for not challenging the Petitioner's sentence was that during his trial testimony, the Petitioner admitted the two enhancement factors applied by the trial court. Specifically, the Petitioner admitted to dealing drugs and passing counterfeit money, justifying the application of enhancement factor (1), and he admitted using a gun during the offense, which justified the trial court's application of enhancement factor (10). See Tenn. Code Ann. § 40-35-114(1) and (10). Appellate counsel said that admissions were an exception to Blakely. Accordingly, appellate counsel could find no good faith basis for challenging the Petitioner's sentence on appeal.

At the conclusion of the hearing, the post-conviction court denied the petition. It found that trial counsel was not ineffective for failing to call Dr. Smith or another expert to challenge the autopsy report. Specifically, the court noted that the Petitioner claimed at trial that he fired three or four shots at most, killing the victim in self-defense. The court found that Dr. Smith's testimony reflected that the victim was shot no less than six times, refuting the Petitioner's version of events. The court found that the result of the trial would not have been different if Dr. Smith had testified at trial. Additionally, the court found that neither trial nor appellate counsel were ineffective by failing to raise a Blakely claim because the Petitioner admitted the existence of the two enhancement factors during his trial testimony. On appeal, the Petitioner challenges the post-conviction court's ruling.

## II. Analysis

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, the post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, we will review the post-conviction court's conclusions of law purely de novo. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Moreover,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697).

As we noted earlier, the Petitioner complained about the failure to call Dr. Smith or another expert to challenge the accuracy of the autopsy report and appellate counsel's failure to raise a Blakely claim. The post-conviction court found that trial counsel was not ineffective by failing to challenge the autopsy report, particularly in light of Dr. Smith's testimony that the victim was shot by no less than six bullets, which refuted the Petitioner's claim that only three or four shots were fired. We agree with the post-conviction court. Additionally, the post-conviction court found that appellate counsel was not ineffective by failing to raise a Blakely claim because the enhancement factors utilized by the trial court were admitted by the Petitioner. Again, we agree. Blakely provides that a trial court may use an enhancement factor admitted by the defendant. See Blakely, 542 U.S. at 303. In the instant case, the Petitioner admitted both that he had engaged in criminal behavior in the past, namely drug dealing and passing counterfeit money, and that a gun was used during the commission of the offense. Kyle, No. W2005-01339-CCA-R3-CD, 2006 WL 2935799, at **9-10. Moreover, despite appellate counsel's failure to raise a Blakely claim, this court acknowledged on direct appeal that Gomez,163 S.W.3d at 661, which held that "Tennessee's sentencing structure does not violate the Sixth Amendment," was the law in Tennessee at the time of the Petitioner's sentencing. Id. at *8. Therefore, the Petitioner failed to prove his post-conviction claims.

### III. Conclusion

In sum, we conclude that the post-conviction court correctly found that neither trial counsel nor appellate counsel were ineffective. Accordingly, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE